**INTERNATIONAL ASSOCIATION OF MACHINISTS, DISTRICT NO. 8, AFL–CIO, Plaintiff-Appellee,**

v.

**CAMPBELL SOUP COMPANY, Defendant-Appellant.**

No. 16924.

United States Court of Appeals Seventh Circuit.

Feb. 11, 1969.

Theophil C. Kammholz, James S. Petrie, Chicago, Ill., for defendant-appellant; Vedder, Price, Kaufman & Kammholz, Chicago, Ill., of counsel.

Sheldon M. Charone, S. Sherman Carmell, Chicago, Ill., for plaintiff-appellee; Carmell & Charone, Chicago, Ill., of counsel.

Before HASTINGS, Senior Circuit Judge, KILEY and KERNER, Circuit Judges.

KILEY, Circuit Judge.

The question presented on appeal is whether the district court erred in enforcing an arbitration award restoring an employee to the position from which defendant Campbell Soup Company discharged him because of his conviction of violating an Illinois gambling law. We find no error, and affirm.

Under its Plant Rule 7, Campbell discharged Bruno Kmiec, after his conviction on a guilty plea to a misdemeanor violation of the Illinois gambling laws for taking bets on its premises. Plaintiff Union,[1] by virtue of its bargaining agreement with Campbell and for the benefit of member Bruno Kmiec, filed a grievance seeking restoration of Kmiec to his position with full back pay. Campbell denied the grievance and the matter was submitted to arbitration. The stipulated arbitration issue was: "Was the discharge of Bruno Kmiec * * * for cause and if not, what remedy is appropriate?" The arbitrator found Kmiec was not discharged for cause and awarded him restoration to his former position without impairment of seniority, but denied him back pay. Campbell refused to reinstate Kmiec, and the Union brought this suit under Sec. 301(a) of the National Labor Relations Act.[2] Campbell

---

1. International Association of Machinists, District No. 8, AFL-CIO.

2. 29 U.S.C. § 185(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States

answered, relying upon its authority to discharge under Rule 7 and the bargaining agreement, and counterclaimed to vacate the award as invalid and unenforceable.

Both parties made motions for summary judgment. The district court denied Campbell's motion and on authority of Local 453, Int. Union of Elec., Radio & Machine Workers v. Otis Elevator Co., 314 F.2d 25 (2d Cir. 1963), granted summary judgment for the Union, ordering Campbell to comply with the arbitrator's award, and ordering the arbitrator to determine what, if any, back pay is due because of Campbell's non-compliance. Campbell's appeal followed.

The issue was submitted by mutual action of the parties and no claim is made that the arbitration was not conducted properly. The arbitrator found these facts: Kmiec had been a Campbell sheet metal worker since 1946, and had been a Union steward for several years before his discharge. He was arrested in the plant on February 23, 1966, under a charge of "keeping a book" for gambling. He was suspended the same day. The original charge, a felony, was reduced to a misdemeanor in the Cook County Criminal Court on March 22, 1966. Kmiec pleaded guilty, was fined $100.00 and placed on probation for one year. Campbell fired him on March 31 for violation of Rule 7 of Campbell's Rules for Personal Conduct, which called for a discharge for the first offense of violating any penal law on the Campbell premises.

Campbell challenges the arbitrator's authority to decide Kmiec was not discharged for cause, and to award reinstatement, find him subject to discipline but lessen the penalty imposed by virtue of Campbell Rule 7. It insists that the arbitrator's award is not drawn from the collective bargaining agreement and that

he imposed "his own brand of industrial justice" which contravenes the rule in United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). We think it is clear from the issue submitted to the arbitrator that he was faithful to his obligation and substantially followed the Supreme Court guidelines in *Enterprise*. Local 7–644, Oil, Chemical & Atomic Workers v. Mobil Oil Co., 350 F.2d 708, 711 (7th Cir. 1965), cert. denied, 382 U.S. 986, 86 S. Ct. 563; 15 L.Ed.2d 474 (1966).

In considering whether Kmiec was discharged "for cause, and *if not*, what remedy is appropriate," (emphasis added) the arbitrator discussed the contentions of the Union and Campbell in relation to Company Rules 7 [3] and 30 [4] which are promulgated under Campbell's reserved right in Sec. XIII of the labor agreement to "discharge or discipline for cause." He first rejected the Union contentions that Kmiec, a twenty-year employee, was unaware of Rules 7 and 30, and that there was no proof of Kmiec's offense being committed on the premises.

The arbitrator then resolved an apparent "ambiguity" in considering the rules together. He found that Rule 30's "relatively mild punishment" for a gambling offense on the Company premises "pulled the rug" from under the Company's contention that a gambling offense was of the "utmost gravity." He decided that the reasonableness of the Rule 7 provision of discharge of "any penal law" could be challenged where the Illinois penal laws ranged from "murder to nuisance" and the discharge applied to a minor offense as well as to a serious one. He stated that "with respect to gambling" the penalties under the two rules were disproportionate.

---

having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

3. Rule 7 provides for the discharge of an employee who violates a penal law on the premises.

4. Rule 30 provides that an employee who gambles on company premises shall be subject to a warning notice and suspension for two days.

■ The arbitrator upon these considerations thought it fitting to take account of the "nature and extent" of Kmiec's offense and his employment background with Campbell. He found one lesser offense and four warnings the only blemishes on an otherwise "by and large * * * very good" record of twenty years of continuous service. He recognized that Kmiec was "vulnerable" to some punishment. But he thought the year's probation granted at the trial of the gambling offense "rationalizes keeping in effect * * * at least for the probation period," the suspension imposed by Campbell after Kmiec's conviction. On the basis that Kmiec had "learned his lesson" the arbitrator decided that the discharge should be converted to a suspension. The award ordered forthwith reinstatement of Kmiec to his job with seniority unimpaired but without back pay from the date of his offense to the date of his reinstatement.

In Textile Workers Union of America v. American Thread Co., 291 F.2d 894, 899 (4th Cir. 1961), the court said the arbitrator found implicitly that there was just cause for the discharge. The court, Judge Sobeloff dissenting, held that the arbitrator went beyond the terms of submission and that his award which undertook to impose a lesser discipline than discharge should not be enforced. There the discharge was for failure to properly perform the work. This was specified in the bargaining agreement as just cause for discharge. The bargaining contract prohibited the arbitrator from making an award affecting a change, modification, or addition to the agreement. Those provisions are not in the agreement before us and, moreover, the arbitrator here expressly found no just cause for the discharge.

The court in Truck Drivers and Helpers Union v. Ulry-Talbert Co., 330 F.2d 562 (8th Cir. 1964), found that a narrowly restricted arbitration clause precluded the arbitrator from finding the Company justified in disciplining the employee while also finding the discharge an excessive penalty. Similarly, in the recent Local 342, United Automobile, Aerospace & Agricultural Implement Workers v. T. R. W., Inc., 402 F. 2d 727 (6th Cir., Oct. 23, 1968), a restrictive arbitration clause was held to preclude the arbitrator from disapproving exercise of the employer right of discharge. The principal distinction between these cases and the case before us is that here there is no restrictive clause expressly limiting the function and power of the arbitrator.

We think that the parties relied upon the arbitrator to "bring his informed judgment to bear in order to reach a fair solution" of the issue under an admittedly broad arbitration clause, "especially [in] formulating remedies." United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Campbell argues that the arbitrator ignored parts of the agreement which obligated employees to conduct themselves properly so as to enhance its public image[5] and which reserved to Campbell the "sole responsibility" for maintaining discipline.[6] It does not fol-

5. The agreement provided:
SECTION XII
Objectives of Management
and Employees
1. It is agreed that the Union, the employees and the members of the Management staff shall do everything within their power to (1) improve the products of the Company; (2) improve the efficiency of manufacturing; (3) conduct themselves individually and collectively so as to reflect favorably on the business and improve the public standing of the Company and of the Union; (4) promote

the sale of the Company's products through grocery stores to the general public.

6. The agreement provided:
SECTION XIII
Rights of Management
Except as herein provided, the right to increase or decrease the working force, to hire, promote, discharge or discipline for cause, lay off for failure to meet Company standards of performance and to maintain discipline and efficiency of employees are the sole responsibilities of

low, from the award itself, that these parts of the agreement were ignored. The arbitrator could have thought with good reason, as he apparently did, that sustaining the discharge in the light of Kmiec's record, of the modern tolerant view of gambling, and of the "disproportionate" sanctions in Rules 7 and 30, might adversely affect employee morale and even Campbell's public image. There is nothing in the parts of the agreement referred to, or in the decisions, that preclude this reasoning by the arbitrator, presumably selected because he was informed about identical matters which fitted him for the kind of reasoning he used in resolving the issue.

While there are some factual differences between the case before us and the Second Circuit's decision in Local 453, Int. Union of Elec., Radio & Machine Workers v. Otis Elevator Co., 314 F.2d 25 (2d Cir. 1963), we think the district court could well have found substantial support, as we have, in the court's reasoning in that decision, with respect to double punishment.

■ We see no merit in Campbell's argument that the arbitrator exceeded his authority in deciding that the "reasonableness of the punishment" could be challenged and that the conviction was of a lesser offense, or that Kmiec had learned his lesson. Under the broad clause in the bargaining agreement and the direction in the submission the arbitrator was free to do what he did in the award. We have no power to substitute our judgment for that of the arbitrator on the merits. Local 7–644, Oil, Chemical & Atomic Workers v. Mobil Oil Co., 350 F.2d 708 (7th Cir. 1965), cert. denied, 382 U.S. 986, 86 S.Ct. 563,

15 L.Ed.2d 474 (1966). The decision in Local 217, Int. Union of Elec., Radio & Machine Workers v. Holtzer-Cabot Corp., 277 F.Supp. 704 (D.Mass.1967), cited in support of its argument, is of no aid to Campbell. There again the restrictive arbitration clause was similar to those in the *Textile Workers* and *Truck Drivers* cases, *supra*.

■ Finally, we think that Campbell's public policy arguments are without merit. We have already indicated in this opinion that the award could reasonably be expected to further federal policy of industrial peace; and while we—as the Second Circuit in *Otis Elevator*—cannot condone employee gambling activities on the employer's premises, we have been referred by Campbell to no federal policy that required the arbitrator, in exercising his lawful contract power, to approve the discharge of Kmiec or to compel the imposition of harsher sanctions than the award provided under all the circumstances.

With respect to the Illinois policy against gambling, we are persuaded by the Second Circuits' thesis in *Otis Elevator*, 314 F.2d p. 29, that employee Calise's conviction there had "vindicated" the requirement of New York's gambling law and that the award may have further vindicated justice, and that employment plays an important role in implementing the public policy of rehabilitating those convicted of crime which overrides any policy of precluding reinstatement of those "convicted, fined, and subjected to serious disciplinary measure."

For the reasons given, the judgment of the district court, enforcing the award, is affirmed.

the Company, except that Union members shall not be discriminated against as such. In addition, the products to be manufactured, the schedule of production, the

methods, materials, processes and means of manufacturing are solely and exclusively the responsibility of the Company.