575 F.2d 1191
 98 L.R.R.M. (BNA) 2530, 83 Lab.Cas. P 10,624
 FALLS STAMPING & WELDING COMPANY, Plaintiff-Appellee,
v.
The INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT &
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, Local Union 1194,
United Automobile, Aircraft& Agricultural Implement Workers
of America and Thomas E. Heffernan, Defendants-Appellants.
 No. 76-2637.
 United States Court of Appeals,
Sixth Circuit.
 Argued April 3, 1978.
Decided May 24, 1978.
 
 Ray C. Sheppard, Erickson & Sheppard, Akron, Ohio, John A. Fillion, Leonard R. Page, Detroit, Mich., for defendants-appellants.
 Herman E. Rabe, Edward C. Kaminski, John N. Childs, Buckinghan, Doolittle, Burroughs, Akron, Ohio, for plaintiff-appellee.
 Before PHILLIPS, Chief Judge, and EDWARDS and ENGEL, Circuit Judges.
 PER CURIAM.
 
 
 1
 The International Union, United Automobile, Aircraft & Agricultural Implement Workers of America (the union) appeals from the judgment of the district court vacating the award of an arbitrator in a labor dispute. Reference is made to the decision of the district court for a recitation of pertinent facts. Falls Stamping & Welding Co. v. U.A.W., 416 F.Supp. 574 (N.D.Ohio 1976).
 
 
 2
 Appellee Falls Stamping & Welding Company (the company) entered into a collective bargaining agreement with the union containing the following no-strike clause:
 
 
 3
 The Company shall have the right to discharge or otherwise discipline any employee who does engage in a strike, slowdown, stoppage of work, or interference with Company's operation during the term of this Agreement, any discipline or discharge as a result of the foregoing is subject to the grievance procedure. (emphasis added).
 
 
 4
 In September 1975, approximately 93 employees were discharged following a series of wildcat strikes over the disciplining of certain employees. The union processed the grievances of the discharged employees pursuant to the collective bargaining agreement, which required arbitration. The arbitrator ordered that all of the employees should be reinstated with seniority but without backpay. Subsequently, the company filed this action under section 10 of the United States Arbitration Act of 1947, 9 U.S.C. § 10, to vacate or modify the award on the ground that the arbitrator had exceeded his authority by granting relief in contravention of the express terms of the collective bargaining agreement.
 
 
 5
 The district court vacated the order of the arbitrator, primarily on the authority of Amanda Bent Bolt Co. v. U.A.W., 451 F.2d 1277 (6th Cir. 1971), finding that the award of the arbitrator was contrary to the express language of the contract. We conclude that Amanda is not controlling in the present case and reverse.
 
 
 6
 In Amanda, this court held that when an employer reserves the unequivocal right to discharge employees who violate the no-strike provision of a collective bargaining agreement, an arbitrator has no authority to order reinstatement. In the present case, however, the company expressly agreed that the discharge of employees for participating in a strike would be subject to the grievance procedure set forth in the contract. This procedure included arbitration.
 
 
 7
 In Amanda, we recognized the following general rule:
 
 
 8
 (T)hat arbitration is a means of settling labor disputes is favored and that courts refuse to review the merits of an arbitration award, seeking to effectuate the policy that labor disputes should be resolved by arbitration. See United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424; United Steelworkers v. Warrior & Gulf Nav. Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; United Steelworkers v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; United Steelworkers v. Caster Mold & Machine Co., 345 F.2d 429 (6th Cir.). 451 F.2d at 1278.
 
 
 9
 We conclude that the cases cited in the foregoing quotation and the opinion of this court in Timken Co. v. Local 1123, United Steelworkers, 492 F.2d 1178 (6th Cir. 1974), require reversal. Accordingly, the judgment of the district court is reversed and the case is remanded with instructions to reinstate the award of the arbitrator.