SMITH STEEL WORKERS DALU 19806 AFL–CIO, Plaintiff,

v.

A. O. SMITH CORPORATION, Defendant.

No. 78–C–533.

United States District Court, E. D. Wisconsin.

Jan. 31, 1979.

Goldberg, Previant & Uelmen by Kenneth R. Loebel, Milwaukee, Wis., for plaintiff.

Foley & Lardner by Renee L. Johnson, Herbert P. Wiedemann, Milwaukee, Wis., for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This is an action by the Smith Steel Workers DALU 19806, AFL–CIO, a labor organization representing certain employees of A. O. Smith Corporation, against A. O. Smith Corporation seeking an order vacating an arbitration award. Jurisdiction is based on section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 and 28 U.S.C. § 1337. The action is before me on the parties' cross-motions for summary judgment.

The following facts are undisputed. On November 3, 1976, the company terminated two employees, Patrick Henry and Richard Kenyon, for possession of alcoholic beverages on the company's premises in violation of rule 7 of the company's rules governing employee conduct. The employees complained of their discharges on November 3, 1976, and after the initial procedures failed to resolve the matter, it was submitted to a board of arbitration pursuant to Article IX

of the labor contract. The board was composed of two union and two company representatives with a neutral chairman.

A hearing was held before the board of arbitration on February 7, 1978, to consider the following stipulated issue:

"Under the collective bargaining agreement between the parties executed on September 3, 1974, what disposition should be made of Grievance No. 165G–11–76 [Henry's grievance] and Grievance No. 166G–11–76 [Kenyon's grievance]?"

On May 25, 1978, the chairman issued an award denying the grievances; the company members of the board concurred and the union members dissented. This action followed.

The rule upon which the company predicated the employees' discharges was promulgated by the company in 1963. The rule provides that it is contrary to company policy for an employee to possess or drink alcoholic beverages on company premises. The posted rules specify no penalties for infractions. At the end of the company's rules and regulations, it is stated that "[a]n employee who commits any of these acts will be subject to disciplinary action."

The board of arbitration found that the facts of the employees' possession of alcoholic beverages were uncontested and that "the issue in the instant dispute is whether the grievants' conduct constituted cause for discharge." The board answered this question in the affirmative, relying specifically on the terms of a grievance settlement in 1963, which provided:

"It is understood by all parties concerned that the possession of liquor on plant premises by an employee is sufficient reason for immediate discharge."

The union vehemently disagreed at the board hearing that the parties had agreed that possession of alcoholic beverages on the company's premises is *per se* a dischargeable offense.

The board's decision rests on the following reasoning:

"There are no agreed-upon penalties contained in the Rules and Regulations.

It states at the end of the Rules and Regulations:

'An employee who commits any of these acts will be subject to disciplinary action.'

"It is generally recognized that where there are no agreed-upon penalties, a challenge to the severity of the discipline imposed by the employer is made through the arbitration process. A legitimate function of the arbitral process is, as noted by Arbitrator Haber, to determine whether 'the punishment fits the crime.' Thus, if the arbitration Board were confronted simply with the uncontested facts of this case and the Rules and Regulations, the Board would be required to determine if 'the penalty fit the crime.' However, there is another element which the Board must consider in this case—the agreement between the parties executed on April 16, 1963. That agreement provides in pertinent part:

'It is understood by all parties concerned that the possession of liquor on plant premises by an employee is sufficient reason for immediate discharge.'

"Based on the above language, it appears that the parties have agreed to the appropriate penalty to be imposed for a violation of Rule 7, at least that portion of the rule relating to . . . possessing . . . alcoholic beverages on company premises.' The parties have agreed that possession of alcoholic beverages on Company premises 'is sufficient reason for immediate discharge.'

"The record establishes that the Company has imposed the ultimate penalty of discharge for possession of alcoholic beverages in other instances. . . .

\* \* \* \* \* \*

"In summary, it is the opinion of the majority of the Board of Arbitration that the parties have agreed that the appropriate penalty for possessing alcoholic beverages on Company premises is discharge. . . ."

The plaintiff argues that the arbitration board exceeded its authority and that the award was arbitrary and capricious.

The role of the district court in a case such as this is limited:

"The scope of judicial inquiry, precluded from entertaining a review of the merits of an arbitral award, is confined to the narrow questions of whether the award 'draws its essence from the collective bargaining agreement' and whether 'the arbitrator's words manifest an infidelity to this obligation.' *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, ·1361, 4 L.Ed.2d 1424 (1960). An arbitrator's award does 'draw its essence from the collective bargaining agreement' so long as the interpretation can in some rational manner be derived from the agreement, 'viewed in the light of its language, its context, and any other indicia of the parties' intention; only where there is a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop, may a reviewing court disturb the award.' *Ludwig Honold Manufacturing Co. v. Fletcher,* 405 F.2d 1123, 1128 (3rd Cir. 1969)." *Amoco Oil Co. v. Oil Chem. & Atomic Wkrs.,* 548 F.2d 1288, 1293–94 (7th Cir.), cert. denied 431 U.S. 905, 97 S.Ct. 1697, 52 L.Ed.2d 389 (1977).

In my opinion, when considered in light of the standards set forth in *Amoco Oil Co.,* it is clear that the Board's award cannot stand. The stipulated issue before the board was whether the grievances should be granted or denied "[u]nder the collective bargaining agreement between the parties." The collective bargaining agreement provides that a discharge must be "for cause." The board recognized that to decide whether the discharge was for cause required the board to determine "whether the punishment fit the crime." See *International Ass'n of Mach. Dist. No. 8 v. Campbell Soup Co.,* 406 F.2d 1223, 1227 (7th Cir.), cert. denied 396 U.S. 820, 90 S.Ct. 57, 24 L.Ed.2d 70 (1969).

However, instead of entering into the "for cause" inquiry as contemplated by the labor agreement, the board felt constrained to follow a grievance settlement entered into in 1963 which purported to establish that possession of alcohol was grounds for immediate discharge. By so doing, the board improperly deferred to a source extrinsic to the labor agreement instead of exercising its arbitral judgment in the manner agreed to by the parties. *Torrington Co. v. Metal Products Workers Union Local 1645,* 362 F.2d 677 (2d Cir. 1966). Indeed, the said grievance settlement was made on April 16, 1963—a date earlier than both the promulgation of rule 7 on July 25, 1963, and the labor contract itself on September 3, 1974.

Moreover, nothing in the labor contract's language, context, or the parties' intention behind the "for cause" provision supports a conclusion that possession of alcohol automatically requires discharge. The fact that such a conclusion was asserted in an earlier arbitration proceeding involving a certain Mr. Heumann does not support the company's claim that it constituted a part of the underlying collective bargaining agreement. Indeed, in the earlier arbitration concerning Mr. Heumann, he was in fact reinstated to his employment by the arbitration board. Moreover, the parties acknowledge that on at least one other occasion, involving a certain Mr. Danielczyk, his possession of alcohol on the company's premises was not treated as grounds for automatic discharge. The union has consistently and steadfastly denied the company's interpretation of the April 16, 1963, grievance as binding future cases. Thus, in a communication to the company, dated August 8, 1963, the union asserted:

"The unions have always contended that no black letter rules can be applied to individuals for the purpose of disciplinary action. Each case in the past has always been dealt with on its merits, and we presume that the A. O. Smith Corporation will continue to treat each case on its merits and not apply the harsh work rules proposed."

In addition, when a union steward, Alex Elsesser, was interrogated about this, he testified as follows:

"Q To your knowledge, has the union ever agreed with the company on prescribed penalties for any violation of any of those rules?

A No, not to my knowledge.

Q Has the union ever agreed to any rules as such?

A No. Not to my knowledge."

This court is not satisfied that the commentary in the April 16, 1963, proceedings should have been treated as decisive of the issue before the instant arbitration board. The disputants were entitled to a resolution of the basic issue—whether the penalty of discharge was "for cause." Such issue was not squarely resolved.

I am persuaded that the same issue should be resubmitted for arbitration before a different panel so that the propriety of the discharge of the two employees can be tested under the "for cause" standard. I need not consider the plaintiff's other argument that the award was arbitrary and capricious. For these reasons, the plaintiff's motion for summary judgment will be granted, and the defendant's motion will be denied.

Therefore, IT IS ORDERED that the plaintiff's motion for summary judgment be and hereby is granted.

IT IS ALSO ORDERED that the defendant's motion for summary judgment be and hereby is denied.

IT IS FURTHER ORDERED that the award issued by the board of arbitration on May 25, 1978, be and hereby is vacated.

IT IS FURTHER ORDERED that judgment be entered enjoining the parties to resubmit for arbitration consistent with this decision and order the following issue:

"Under the collective bargaining agreement between the parties executed September 3, 1974, what disposition should be made of Grievance No. 165G–11–76 and Grievance No. 166G–11–76?"