The BUCKEYE CELLULOSE CORPO-
RATION, Plaintiff-Appellant,

v.

DISTRICT 65, DIVISION 19, UNITED
AUTO WORKERS, and James E.
Taylor, Defendants-Appellees.

No. 82–5089.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 27, 1982.

Decided Oct. 1, 1982.

Ross B. Clark, II, Laughlin, Halle, Clark
& Gibson, Memphis, Tenn., Harold S. Free-
man [lead counsel] (argued), Cincinnati,
Ohio, for plaintiff-appellant.

Howard R. Paul (argued), Memphis,
Tenn., for defendants-appellees.

Before LIVELY and KENNEDY, Circuit
Judges, and SILER,* District Judge.

PER CURIAM.

Buckeye Cellulose Corporation (Company)
appeals from a summary judgment for Dis-
trict 65, Division 19, United Auto Workers
(Union) and James E. Taylor, in this section
301 action in which the Company sought a
declaratory judgment that an arbitrator's
award was nonenforceable. 29 U.S.C.
§ 185(a); 28 U.S.C. § 2201.

Taylor's employment with the Company
was terminated after it determined that he
was responsible for vandalizing company
property. Angered by employees who
soiled his work boots, Taylor damaged
twenty-nine of the thirty-five lockers in the
employee locker room with a crowbar. Fol-
lowing his termination, Taylor filed a griev-
ance. During the grievance proceedings,
the Union discovered that the Company had
a witness upon whose statement, together
with other information, the Company based
its decision to discharge Taylor. The Com-
pany refused the Union's request to disclose
the name of this individual prior to an
arbitration hearing. When initial steps at
accommodation failed, the Union followed
the grievance through to arbitration.

Article X of the collective bargaining
agreement between the Union and the
Company provides for a grievance proce-

---

* Honorable Eugene E. Siler, Jr., United States
District Court for the Eastern and Western
Districts of Kentucky, sitting by designation.

dure that culminates in arbitration. Paragraph B of Article X contains two limitations on an arbitrator's authority:

> [T]he Board of Arbitration shall limit itself only to the grievance as stipulated in writing jointly by the Employer and the Union, and shall neither add to nor subtract from the stipulated grievance or the terms of this Agreement, and shall not substitute its judgment for that of the Employer unless the Employer has acted in an arbitrary or capricious manner.

The Company and the Union jointly stipulated to the issues for submission to the arbitrator:

> (1) Was there a violation of any of the following articles:
>
> I—Recognition,[1] IV—Discrimination, VII—Reporting Pay and Call-In Pay; X—Grievances, XI—Seniority, or XXII—Foremen Working, of the collective bargaining agreement between the [Company] and [the Union], when on 2–20–81, James Taylor was discharged for damaging company property.
>
> (2) If so, what shall be the remedy?

At the arbitration hearing the second shift employee who observed and spoke with Taylor on the night of the vandalism testified and was cross-examined by the Union.

In the arbitrator's opinion and award, he found that Taylor did cause the vandalism to employee lockers. He answered the first question in the negative when he concluded that, "The Company did not violate the terms of the Agreement when it disciplined the Grievant, James Taylor, on February 20, 1981." Later in his opinion he stated that Article I had not been shown to be violated. The arbitrator then answered the second submitted grievance question, despite his negative answer to the first. He continued that, "The penalty of discharge is excessive under the circumstances" and awarded reinstatement without back pay. The "under the circumstances" language appears to be in reference to an earlier

statement in the opinion and award that the Company's refusal to provide the Union or Taylor with the name of the employee witness prior to the arbitration hearing constitutes a "serious violation of fairness which is repugnant to our notions of due process, and it should be considered in the degree of discipline the Grievant receives."

The Company then brought this action under section 301 challenging only the arbitrator's award of reinstatement. The Company and the Union brought cross-motions for summary judgment. The Union did not contest the arbitrator's finding that Taylor did in fact damage company property. The District Court granted the Union's motion and ordered enforcement of the arbitrator's award reinstating Taylor and awarded the Union attorney's fees. The District Court cited the case of *General Telephone Co. v. Communication Workers*, 648 F.2d 452 (6th Cir. 1981), as controlling. The District Court also said of the arbitrator's award:

> [I]t is a fair and consistent reading of the award to find that the arbitrator found that the company did not violate the agreement by disciplining the employee, but that discharge under the circumstances *was* in violation of the agreement, and that the time served counting as suspension without pay is the proper penalty for the employee's conduct under the terms of the agreement. [emphasis in original]

On appeal, the Company urges that the granting of the Union's motion for summary judgment and the denial of its motion is error as a matter of law. The Company specifically alleged that there is no genuine issue of material fact that the arbitrator's award of reinstatement exceeds his authority under the terms of the stipulated grievance and Article X of the collective bargaining agreement. The Company further urges that the District Court's award of attorney's fees was improper.

■ We agree. The arbitrator specifically found that the Company did not violate

---

1. Article I specifically states that, "In the event an employee is disciplined or discharged, he will have the right to file a grievance under Article X, Grievances, to determine whether such discipline or discharge is for just cause."

the terms of the Agreement, including Article I, when it disciplined the grievant.[2] No provision of the collective bargaining agreement imposed an obligation on the Company to disclose to the Union or grievant the name of an employee witness prior to an arbitration hearing. The arbitrator could not have permissibly concluded that the penalty of discharge was excessive because of the circumstances surrounding the handling of the grievance. In the case of *Local 342, United Auto Workers v. T.R.W.,* 402 F.2d 727 (6th Cir. 1968), *cert. denied,* 395 U.S. 910, 89 S.Ct. 1742, 23 L.Ed.2d 223 (1969), this Court overturned an arbitrator's award setting aside the discharge of several employees and reinstating them, based on the arbitrator's opinion that the procedure followed by the Company lacked fundamental fairness. *Id.* 729. This Court refused to enforce this award, because it concluded that the arbitrator, by basing his decision on grounds of fundamental fairness, and not on any violation of the contract, had dispensed his own brand of industrial justice, and therefore had manifested an infidelity to his obligation to draw the essence of his award from the collective bargaining agreement. There is nothing in the arbitrator's comments nor in the record before us to suggest that the Company's acts were arbitrary or capricious. Therefore, in this case, the arbitrator exceeded the scope of his authority under the terms and conditions of the collective bargaining agreement and the stipulated submission when he found no violation by the Company yet proceeded to provide a remedy. *United Steelworkers of America v. Enterprise Wheel & Car Co.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1967). *See also Grand Rapids Die Casting Corp. v. Local Union No. 159, United Automobile, Aerospace &* *Agricultural Implement Workers of America, UAW,* 684 F.2d 413 (6th Cir. 1982).

The Union's reliance on the case of *General Telephone* for the proposition that the remedy of reinstatement, despite the absence of a contract violation, draws its "essence" from the collective bargaining agreement and should be enforced is misplaced. *General Telephone* is one of the most recent in a long line of "essence of the agreement cases." The "essence of the agreement" language first contained in the Supreme Court case of *Enterprise Wheel* allows an arbitrator to fashion remedies even though the remedy is not specifically authorized by the terms of the collective bargaining agreement if the remedy draws from the "essence" of the collective bargaining agreement. *Enterprise Wheel, supra,* 363 U.S. at 597, 80 S.Ct. at 1361; *General Telephone, supra,* 456–57. In *Enterprise Wheel* and *General Telephone* there was an underlying violation of the terms of the collective bargaining agreement. Unlike *Enterprise Wheel* and *General Telephone* no violation of the collective bargaining agreement was found by the arbitrator in this case, yet he imposed a remedy nevertheless. The "essence of the agreement" argument only becomes relevant if a threshold violation of the terms of the collective bargaining agreement is found; it does not provide arbitrators with an excuse to ignore the limits on their power imposed by the collective bargaining agreement and the stipulated submission or to exercise general equitable powers.

■ The award of attorney's fees to the Union is precluded by *Summit Valley Industries v. Local 112, United Brotherhood of Carpenters & Joiners,* —— U.S. ——, 102 S.Ct. 2112, 72 L.Ed.2d 511 (1982).

**2.** The terms of Article X, ¶ B, clearly limit an arbitrator's authority to the grievance stipulated in writing jointly by the Company and the Union. The stipulated grievance contained one threshold question and one contingent question. The first question in the stipulated grievance required that the arbitrator interpret specific enumerated provisions of the contractual agreement to determine whether Taylor's discipline was in violation of them. The "if so" language of the second question qualified the arbitrator's authority to proceed to determine an appropriate remedy to redress this violation only in the event the first question was answered in the negative. If the arbitrator first found a violation, he could proceed to fashion a remedy. Conversely, if he did not find a violation, his inquiry ended and his authority to proceed to the remedy determination was nullified.

Accordingly, the judgment of the District Court is reversed.