**CHEMINEER, INC., Plaintiff,**

v.

**LOCAL LODGE 225, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO,** Defendant.

No. C–3–82–481.

United States District Court, S.D. Ohio, W.D.

April 1, 1983.

Edward B. Mitchell, Dayton, Ohio, for plaintiff.

Ray E. Schmidt, Dayton, Ohio, for defendant.

CONDITIONAL DECISION AND ENTRY ON CROSS MOTIONS FOR SUMMARY JUDGMENT; PLAINTIFF'S MOTION SUSTAINED; DEFENDANT'S MOTION OVERRULED; JUDGMENT TO BE ENTERED FOR PLAINTIFF ONCE CERTAIN RULE 56 MATERIALS ARE FILED

RICE, District Judge.

In this case, Plaintiff Chemineer, Inc. (Chemineer) seeks to vacate, in part, an arbitration award handed down on July 13, 1982. The award was rendered pursuant to the grievance and arbitration provisions found in the collective bargaining agreement ("agreement") entered into between Chemineer and Defendant Local Lodge 225 of the International Association of Machinists and Aerospace Workers, AFL–CIO ("union"). Both parties have moved, pursuant to Fed.R.Civ.P. 56, for summary judgment. For the reasons set out below, Plaintiff's motion is sustained, and Defendant's motion is overruled.

I.

The record reveals the following facts. Harvey Goforth, an employee of Chemineer and a member of the Union, was terminated on December 17, 1981, for being absent

for three consecutive working days without notifying the company, or providing justification for failure to give notice. Under these circumstances, Chemineer "will" discharge an employee, pursuant to § 8.02(G) of the agreement, and Group (A)–5 of the Factory Rules. The union processed a grievance protesting the discharge, which went to "final and binding" arbitration, under Step 4(E) of the grievance procedure of the agreement. The "stipulated issue" for the arbitrator to decide was as follows: Was the grievant, Harvey Goforth, discharged for just cause under the terms of the collective bargaining agreement and the Company's rules and regulations? In his decision and award, the arbitrator answered this question in the affirmative, but went on to hold that circumstances justified an arbitral modification of the discharge penalty, and directed a lesser form of discipline.

Seeking to vacate the latter portion of the award, Chemineer filed suit in this Court under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. In its motion for summary judgment, Chemineer argues that the arbitrator improperly went beyond the stipulated issue and, in any event, had no authority to set aside the company's remedy, because such authority was neither set forth in the issue stipulated to the arbitrator for decision nor can it be drawn from the essence of the agreement. The Union argues in its motion that the submission of the issue to the arbitrator should not be construed narrowly, and that he had the power to set aside the penalty imposed on Goforth.

## II.

■ The Court is in agreement with both rationales advanced by Chemineer. Under § 6.03 of the agreement, an employee can

file a grievance when he or she believes that he has "been unjustly dealt with, or that any provision of this Agreement has been violated or is being violated." However, it is settled that parties "cannot be required to submit to arbitration any dispute which [they have] not agreed so to submit." *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960). In this case, the parties plainly stipulated that the arbitrator was *only* to decide if Goforth was terminated "for just cause;" the submission made no reference to the penalty imposed by Chemineer. Thus, the arbitrator was only empowered to decide the "just cause" issue.[1]

This is simply not a situation, such as presented in *Kroger Co. v. Teamsters Local No. 661*, 380 F.2d 728 (6th Cir.1967), a case submitted by Defendant, which involved a vague and broadly worded submission of an issue to an arbitrator. Instead, the arbitrator, in determining that the penalty of discharge was unjustified, reached and decided a question which had not been submitted to him. He exceeded his authority by deciding an issue not found in the stipulated submission, and his award must be vacated to the extent that he reviewed the penalty imposed by Chemineer. *Buckeye Cellulose Corp. v. United Auto Workers District 65*, 689 F.2d 629, 630–31 (6th Cir.1982) (per curiam); *Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Independent Truck Drivers Union*, 611 F.2d 580, 583–84 (5th Cir.1980); *Wright-Austin Co. v. United Auto Workers*, 422 F.Supp. 1364, 1368 (E.D.Mich.1976) (Keith, J.).[2]

■ Even assuming, arguendo, that a broader issue had been submitted to the arbitrator (in the words of the Union, per-

---

1. The arbitrator was under the impression that he was to decide *both* the "just cause for discharge" issue *and* whether circumstances existed which justified "an arbitral modification of the discharge penalty." Award at 7–8. However, the latter question is not part of the stipulated submission, Doc. # 6, Ex. D, and Defendant does not contend that said question was expressly submitted to the arbitrator.

2. The Court also agrees with Plaintiff, Reply Memorandum, Doc. # 8, p. 2 n. 1, that the Ohio case law cited by Defendant is not apposite in a § 301 action such as this one, wherein federal common law controls. *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 456, 77 S.Ct. 912, 917, 1 L.Ed.2d 972 (1957).

mitting him to review the "whole grievance"), the Court finds that he did not, as he must, draw his authority to overturn the penalty from the "essence" of the agreement. *Buckeye Cellulose Corp., supra,* 689 F.2d at 631; *General Telephone Co. v. Communication Workers,* 648 F.2d 452, 456–57 (6th Cir.1981).

Once the arbitrator has authority to decide an issue, the Union argues that the scope of court review of arbitrator's decisions comes into play. *See, e.g., Sugar Creek Packing, Inc. v. Amalgamated Food and Allied Workers District Union 430,* 526 F.Supp. 809, 812 (S.D.Ohio 1981). Defendant contends that the agreement does *not* state that the arbitrator cannot alter the company's decision regarding a penalty. Defendant's Summary Judgment Motion, Doc. #7, pp. 5–6, 11, 12. The arbitrator, Defendant states, was merely "interpreting" the agreement and the Factory Rules, one of which states, in part, that "[I]n applying these rules, surrounding circumstances may be considered and may result in a lesser penalty or occasionally in a severer penalty where just cause exists." Factory Rule 1. Such "interpretations" by the arbitrator, Defendant concludes, should be upheld by this Court.

Significantly, however, the arbitrator did *not* cite any Factory Rule or any part of the agreement which he was purporting to "interpret" to justify a lessening of the penalty. Award at 8–10. Instead, he was apparently dispensing "his own brand of industrial justice," *Grand Rapids Die Casting Corp. v. UAW Local Union No. 159,* 684 F.2d 413, 416 (6th Cir.1982) (quoting, *Steelworkers v. Enterprise Wheel and Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960)), which is strictly forbidden; the arbitrator being required to draw his authority from the essence of the agreement. Moreover, as Plaintiff points out, § 19.01(B) of the agreement herein specifically reserves for the company the "right to establish and require employees to observe Company Rules [and] to suspend, demote, discipline and discharge employees for just cause in

line with this Agreement." Section 6.03, Step 4(E) of the agreement also states that the arbitrator "shall not have any authority to change, enlarge, amend, modify or otherwise alter, in any respect, any part of this Agreement ...." In light of these provisions, the arbitrator had no authority, once he made a finding of "just cause" for the discharge, to further review the company's imposition of a penalty. *Grand Rapids Die Casting Corp., supra,* 684 F.2d at 416 n. 1; *Firemen & Oilers Local No. 935–B v. Nestle Co., Inc.,* 630 F.2d 474, 476 (6th Cir.1980); *UAW Local 342 v. T.R.W., Inc.,* 402 F.2d 727, 731 (6th Cir.1968), *cert. denied,* 395 U.S. 910, 89 S.Ct. 1742, 23 L.Ed.2d 223 (1969). His inquiry began and ended with the just cause determination. Once he answered that inquiry in favor of Chemineer, the agreement gave him no authority to review and modify the company's disciplinary decision.

Case law cited by the Union does not compel a different result. For example, in *Machinists v. Campbell Soup Co.,* 406 F.2d 1223 (7th Cir.1969), the Court enforced an arbitration award which ordered that an employee be reinstated. But the stipulated issue therein was whether the employee's discharge was "for cause and if not, what remedy is appropriate." *Id.* at 1224. Of course, no such broad submission is found in this case. Similarly, in *Falls Stamping and Welding Co. v. United Automobile, Aircraft & Agricultural Implement Workers,* 575 F.2d 1191 (6th Cir.1978) (per curiam), the Court also upheld an arbitration award ordering reinstatement. Once again, the agreement therein specifically stated that any *"discipline* or discharge" would be subject to the grievance procedure. *Id.* at 1192. No such statement regarding discipline is found in the agreement herein.

Finally, in *Timken Co. v. Steelworkers,* 492 F.2d 1178 (6th Cir.1974), the Court found that an arbitrator did not exceed his powers in ordering reinstatement, even though he had found that the employee had violated a certain rule. The Court held that the arbitrator was properly interpret-

**4**

ing ambiguous provisions of the agreement which, *inter alia,* specifically permitted the arbitrator to decide grievances involving "disciplinary action." *Id.* at 1179–80. The Court distinguished the *UAW Local 342 v. T.R.W., Inc.* decision, *supra,* on the basis that the agreement in *T.R.W.* "in unambiguous terms reserved to the company matters pertaining to disciplinary action, including the discharge of employees." *Id.* at 1180. Admittedly, the agreement herein, at § 7.01, states that the grievance of a discharged or suspended employee may be pursued to arbitration. But the agreement herein also reserves to the company, as noted above, the right to discipline employees for "just cause," *i.e.,* violations of agreement provisions or Factory Rules. As the Sixth Circuit recently stated, the existence of such a provision serves to distinguish *Timken* from the facts of a case such as this. *Grand Rapids Die Casting Corp., supra,* 684 F.2d at 416 n. 1. *See also, Firemen & Oilers Local No. 935–B, supra,* 630 F.2d at 477 (distinguishing *Timken* on similar grounds).

For the aforementioned reasons, the Court finds that the arbitrator exceeded his authority: (1) by going beyond the stipulated question *and* (2) when he reviewed the company's disciplinary decision, despite his finding of "just cause" for the discharge; the authority to make such review not being drawn from· "the essence of the agreement."

### III.

Accordingly, the Court conditionally sustains Plaintiff's motion for summary judgment, and overrules Defendant's motion for summary judgment. The Court makes its rulings on the Plaintiff's motion on a conditional basis, since while the arbitrator's award, the agreement, and a copy of the stipulated issue appear in the record, none appear to be filed with an attached affidavit, as required by Fed.R.Civ.P. 56(e). Plaintiff should file said materials, in a verified fashion, within ten (10) days after receipt of this entry. Once said materials are filed, the Court will enter judgment for Plaintiff, and terminate the captioned cause upon the docket records of this Court.