KNOLLWOOD CEMETERY ASSOCIATION, et al., Plaintiffs-Appellants, Cross-Appellees,

v.

UNITED STEELWORKERS OF AMERICA, AFL–CIO–CLC, et al., Defendants-Appellees, Cross-Appellants.

Nos. 85–3121, 85–3167.

United States Court of Appeals, Sixth Circuit.

March 20, 1986.

368

Eldred A. Gentry, argued, James E. Gentry, Gentry & Gentry Co., L.P.A., Cleveland, Ohio, for plaintiffs-appellants, cross-appellees.

Mark A. Rock, Schwarzwald, Robiner, Wolf & Rock, Cleveland, Ohio, William T. Payne, argued, United Steelworkers of America, Pittsburgh, Pa., for defendants-appellees, cross-appellants.

Before ENGEL, MILBURN and RYAN, Circuit Judges.

PER CURIAM.

Plaintiffs Knollwood Cemetery Association and Knollwood Cemetery Company appeal from the district court's order dismissing their suit to vacate an arbitration award. Defendants cross appeal the district court's denial of attorney fees.

Defendant Union is the collective bargaining representative of Knollwood's employees. The collective bargaining agreement between the parties expired on March 1, 1983, at which point Knollwood's employees began a strike. They returned to work on May 22, 1983, although no new agreement was reached.

Knollwood discharged employee Melvin Neuman for punching out another employee's time card on July 14, 1983. The Union filed a grievance protesting the discharge. The parties were unable to resolve the matter, and the Union requested arbitration. Knollwood replied that it had no duty to arbitrate, since there was no collective bargaining agreement in effect. On September 15, 1983, the Union filed an unfair labor practice charge with the NLRB, challenging a number of Knollwood's actions, including the termination of Melvin Neuman, and the refusal to arbitrate that discharge.

The NLRB Regional Director proposed a settlement agreement, under which Knollwood would submit Neuman's discharge to the prevailing grievance and arbitration procedure. Knollwood notified the Union of its desire to arbitrate, stating in a letter from its attorney to Union Staff Representative Capone, "Effective immediately, the Company is prepared to arbitrate this matter." The NLRB agent and Knollwood's attorney subsequently signed the settlement agreement, dismissing the Union's charges. The Union appealed from that dismissal based on other issues, but did agree to arbitrate Neuman's discharge.

The arbitration hearing took place February 28, 1984. Arbitrator DiLeone heard testimony and received evidence on the question of the arbitrability of the grievance, as well as on the merits of the dispute. The arbitrator found that the parties had entered into an agreement to arbitrate the merits, independent from the contract requirements, and decided for Mr. Neuman on the merits, ordering reinstatement with back pay.

Knollwood brought this action to overturn the arbitrator's award, maintaining that the arbitrator did not have jurisdiction to grant the award in the absence of a collective bargaining agreement. The district court granted the Union's motion to dismiss, finding that the parties had submitted the issue of arbitrability to the arbitrator, and that the arbitrator's decision that he had jurisdiction was not in manifest disregard of the law. Knollwood appeals, claiming that the district court should have undertaken an independent judicial review of the arbitrability question. The Union cross appeals for attorney fees, claiming that although § 301 of the Labor Management Relations Act does not provide for attorney fees, it does not alter the American rule that provides for an award of attorney fees when a party pursues a lawsuit in bad faith or without justification.

## I.

 It is well-settled that federal labor laws embody a policy favoring arbitration, and courts are generally required to refrain from reviewing the merits of an arbitrator's award. *Steelworkers Trilogy.*[1] Arbitration is a matter of contract, and in spite of the strong policy in its favor, a party cannot be compelled to arbitrate that which it has not agreed to arbitrate. *John Wiley & Sons v. Livingston,* 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). In the context of a labor contract, a court will not vacate an arbitrator's decision unless it cannot, in any rational way, be derived from the collective bargaining agreement. *United Steelworkers v. American Smelting,* 648 F.2d 863, 867 (3rd Cir.1981). Here, in addition to the arbitration provision of the collective bargaining agreement, Knollwood independently agreed to arbitrate the underlying dispute, employing the prevailing grievance and arbitration procedure. Because the arbitrator's decision was rationally based on this agreement, the district court properly found

there was no basis to overturn that decision.

 Knollwood claims that even when the arbitrator is given authority to rule on matters of substantive arbitrability, the district court is required to make an independent ruling on the arbitrability of the dispute. That is not correct. As the Supreme Court noted in *W.R. Grace & Co. v. Rubber Workers,* 461 U.S. 757, 765, 103 S.Ct. 2177, 2183, 76 L.Ed.2d 298 (1983):

> Because the authority of arbitrators is a subject of collective bargaining, just as in any other contractual provision, the scope of the arbitrator's authority is itself a question of contract interpretation that the parties have delegated to the arbitrator.

This view is amplified in *Johnston Boiler Co. v. Local Lodge No. 893,* 753 F.2d 40, 43 (6th Cir.1985), where the court stated:

> "We do hold that the presumption of authority that attaches to an arbitrator's award applies with equal force to his decision that his award is within the submission."

Thus, there is no basis for Knollwood's claim that the arbitrator's decision should be subjected to independent judicial review.

## II.

 The Union cross appeals the district court's denial of its request for attorney fees. It is clear that § 301 of the LMRA does not authorize an award of attorney fees as an element of damages. *Buckeye Cellulose Corp. v. District 65, Division 19, United Auto Workers,* 689 F.2d 629 (6th Cir.1982); *Summit Valley Industries v. Local 112, United Brotherhood of Carpenters & Joiners,* 456 U.S. 717, 102 S.Ct. 2112, 72 L.Ed.2d 511 (1982). However, *Summit Valley* holds that the American rule would still allow a fee award if a party pursues or defends a lawsuit in bad faith or without justification. The Un-

---

1. *United Steelworkers of America v. American Mfg. Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

ion maintains that Knollwood's refusal to abide by the arbitrator's award was in bad faith. We conclude, however, that because Knollwood arguably had some authority for seeking independent judicial review of the arbitrator's decision, see *Torrington Co. v. Metal Products Workers*, 362 F.2d 677 (2d Cir.1966); *Davis v. Chevy Chase Financial*, 667 F.2d 160 (D.C.Cir.1981), the suit was not brought entirely in bad faith.

We affirm the judgment of the district court.