PENNWALT CORPORATION, Plaintiff,

v.

LOCAL LODGE NO. 1969, INTERNA-
TIONAL ASSOCIATION OF MACHIN-
ISTS AND AEROSPACE WORKERS,
AFL–CIO, Defendants.

Civ. A. No. 85–0093–P(J).

United States District Court,
W.D. Kentucky,
Paducah Division.

July 14, 1986.

Mark Whitlow, Whitlow Roberts Houston & Russell, Paducah, Ky., for plaintiff.

James W. Owens, Karen Alderdice, Paducah, Ky., for defendants.

## MEMORANDUM

JOHNSTONE, District Judge.

This case is before the court on summary judgment motions of both parties. The parties agree that no genuine issue of fact exists, and thereby submit the case for a ruling of law. Jurisdiction exists under 28 U.S.C. § 1331.

Plaintiff Pennwalt filed this action to obtain judicial review of an arbitrator's decision concerning one of plaintiff's employees, Nora Stevenson. Stevenson was hired by Pennwalt in January 1977 as a packaging and loading operator in the Isotron department of its Calvert City, Kentucky plant. The job involves physical activities such as bending, stooping, lifting, twisting and turning containers of chemicals which, at times, weigh as much as 200 pounds. Stevenson was laid off in May 1982, and was recalled in January 1983. However, at that time, Stevenson was eight and one-half months pregnant. After receiving the opinions of its own physician and Stevenson's physician that Stevenson would not be able to perform the functions of the job while pregnant, Pennwalt decided not to reinstate Stevenson at that time. She was later recalled and reinstated in April 1983.

Stevenson, a member of the defendant union, filed a grievance with Pennwalt, alleging that it failed to follow its collective bargaining policy by not reinstating her in January 1983. The case ultimately was presented before an arbitrator, in the form of the following stipulated issue:

Did the Company violate the collective bargaining agreement on January 10, 1983, in refusing to place Grievant Nora Stevenson in the Packaging and Loading Operator position following her recall from layoff, and thereby causing her not to attain departmental seniority as of said date?

The arbitrator ruled that Pennwalt was justified in its decision not to reinstate Stevenson, based on her inability at that time to perform the job assignments. At the same time, however, the arbitrator concluded that Pennwalt discriminated against Stevenson on the basis of sex by not reinstating her and placing her on maternity leave, thereby establishing her seniority date in January, rather than in April.

Pennwalt appeals from that portion of the arbitrator's decision finding sex discrimination, claiming that the arbitrator exceeded his authority, lacked substantial evidence to support his decision, and rendered a decision which requires Pennwalt to violate the law and public policy. Defendants do not appeal from the portion of the decision finding Pennwalt's refusal to reinstate Stevenson justified.

Generally, courts are required to refrain from review of arbitration decisions as a means of encouraging their use as an alternative to the resolution of disputes. *Storer Broadcasting Co. v. American Federation of Television and Radio Artists, Cleveland Local, AFL–CIO*, 600 F.2d 45, 47 (6th Cir.1979). However, exceptions to that general rule are recognized when the award is not supported by evidence in the record, *Id.*, or when the arbitrator exceeds the scope of his authority by considering more than the parties' stipulated issue. *Buckeye Cellulose Corp. v. District 65, Division 19, United Auto Workers*, 689 F.2d 629, 631 (6th Cir.1982).

The arbitrator in this case interpreted the stipulated issue as two issues: the question of Stevenson's ability to do the work, and her proper seniority treatment. This court disagrees with that interpretation and with the arbitrator's decision, for several reasons.

■ First, this court finds that the stipulated issue required only one finding: whether the company violated the collective bargaining agreement by not reinstating Stevenson at the time of recall. As the issue was phrased to the arbitrator, this court interprets a negative answer to mean that Pennwalt's action was justified, despite its effect, which was the inability to establish seniority at that time. Therefore, the arbitrator exceeded the scope of the stipulated issue by further holding that Pennwalt discriminated against Stevenson by failing to place her on maternity leave in order to establish the January seniority date. *Buckeye*, 689 F.2d at 631.

■ Secondly, even if the arbitrator properly interpreted the issue presented before him, there is no evidence in the record to support his finding of discrimination. The arbitrator ruled as follows:

> It is obvious that there would have been no basis for disqualification on January 10, 1983, had the recalled employee been a male or non-pregnant female in normal health.... When seniority is viewed separately from the actual work assignment, ..., it becomes evident that Nora Stevenson suffered sex discrimination.

However, there is no evidence in the record to support the arbitrator's finding. Defendants do not claim, and do not present evidence to show, that any other male or non-pregnant female disabled in some other way at the time of recall, would be reinstated for seniority purposes, despite their inability to perform their job functions. Rather, defendants claim, and the arbitrator so decided, that because her disability was temporary and because she would have been reinstated absent the pregnancy, that Pennwalt discriminated against her on the basis of sex.

The arbitrator relied in part on Article XXIII of the collective bargaining agreement, which provides for a six-month maternity "leave of absence" upon "written request" by the employee, during which time departmental and plant seniority is cumulative. This section clearly applies to

the female employee actively working at the time that she requests leave, in writing, for the birth of her baby. The provision prevents the loss of that woman's accrued seniority during the leave. According to the evidence, Stevenson not only was not actively working for Pennwalt at the time, but also never requested, orally or in writing, to be placed on maternity leave.

Finally, this court agrees with plaintiff that conformance with the arbitrator's decision would require a violation of public policy, if not the law. The decision would require Pennwalt to discriminate in favor of pregnant women recalled, by allowing them to obtain seniority at that date without being reinstated, while not doing the same for other employees otherwise disabled.

An appropriate order shall accompany this memorandum.

### ORDER

In accordance with the memorandum opinion this date entered,

IT IS ORDERED that plaintiff's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that the portion of the arbitrator's award finding that plaintiff Pennwalt engaged in sexual discrimination is VACATED.