822 F.2d 59
 49 Fair Empl.Prac.Cas. 1512
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 PENNWALT CORPORATION, Plaintiff-Appellee,
v.
LOCAL LODGE NO. 1969, INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE WORKERS, AFL-CIO,
Defendant-Appellant.
 
 No. 86-5889
 United States Court of Appeals, Sixth Circuit.
 July 6, 1987.
 W.D.Ky., 638 F.Supp. 313
 AFFIRMED.
 On Appeal from the United States District Court for the Western District of Kentucky.
 Before KENNEDY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant Local Lodge No. 1969, International Association of Machinists and Aerospace Workers ('appellant' or 'the Union') appeals the decision of the District Court granting the motion of plaintiff-appellee Pennwalt Corporation ('appellee' or 'Pennwalt') for summary judgment and vacating a portion of the arbitration award. The District Court for the Western District of Kentucky held that the arbitrator decided an issue that was not before him, that the award was not supported by any evidence, and that the award was contrary to public policy. Appellant claims on appeal that the District Court should have deferred to the arbitrator's interpretation of the collective bargaining agreement. For the reasons stated below, we affirm the decision of the District Court.
 
 
 2
 Pennwalt operates a plant in Kentucky where it manufactures fluorochemicals. The company's employees are represented by Local Lodge No. 1969, and the Union and Pennwalt were parties to a collective bargaining agreement dated July of 1981. In January of 1977, appellee hired the grievant, Ms. Stevenson, as a packaging and loading operator. On May 2, 1982, Ms. Stevenson was laid off. On January 7, 1983, Ms. Stevenson was notified that she was recalled beginning January 10. At that time, Ms. Stevenson was eight to eight and a half months pregnant. When she arrived at work on January 10, she reported to the company nurse's station. Because Ms. Stevenson's job involved bending, stooping, twisting, and handling containers weighing up to 200 pounds, the company physician, Dr. Traylor, advised against her returning to work. On January 12, the grievant's personal physician, Dr. England, informed Pennwalt that she was fit to return to work. He apparently later agreed with Dr. Traylor. Ms. Stevenson was not reinstated until April 5, 1983. At least one employee was placed in Ms. Stevenson's department while she was laid off, thereby obtaining greater seniority than Ms. Stevenson.
 
 
 3
 The Union filed a grievance on behalf of Ms. Stevenson on February 22, 1983, claiming that Pennwalt had violated the collective bargaining agreement by failing to reinstate the grievant on January 10. The parties stipulated to the factual background. They agreed that if the grievant had been permitted to return to work on January 10, she would have been twenty-two places higher on the seniority list. The parties also stipulated the issue to be presented to the arbitrator: 'Did the Company violate the collective bargaining agreement on January 10, 1983, in refusing to place Grievant Nora Stevenson in the Packaging and Loading Operator position following her recall from layoff, and thereby causing her not to attain departmental seniority is of said date?' Joint Appendix at 55.
 
 
 4
 The arbitrator issued an opinion and award on January 25, ??. He held that Pennwalt had not violated the collective bargaining agreement by refusing to place Ms. Stevenson on active work status. He stated that 'it can be said without hesitation that the evidence strongly supports management's conclusion that Nora Stevenson should not have been assigned to the Operator's job.' Joint Appendix at 63. The arbitrator further held, however, that Pennwalt had violated the contract by refusing ?? grant the grievant seniority as of January 10, 1983, the date of her recall. He reasoned that '[w]hen seniority is viewed separately from the actual work assignment, . . . it becomes evident that Nora Stevenson suffered sex discrimination. The problem might well have been avoided by the recognition that the Grievant was only temporarily unable to do the work and providing a maternity leave.' Joint Appendix at 65. The arbitrator directed Pennwalt to grant the grievant seniority as of January 10, 1983, and to place her on the seniority list accordingly.
 
 
 5
 Pennwalt filed an action in the District Court for the Western District of Kentucky, claiming that the arbitrator had exceeded the scope of his authority. The District Court vacated that part of the arbitrator's decision finding that Pennwalt had discriminated against the grievant by refusing to grant her seniority as of January 10. It found that 'the stipulated issue required only one finding: whether the company violated the collective bargaining agreement by not reinstating Stevenson at the time of recall.' Id. at 134. The court held that in the case before it the arbitrator had exceeded the scope of his authority by considering more than the stipulated issue. It also stated that there was no evidence to support the arbitrator's decision and that compliance with the arbitration award would require a violation of public policy. The Union appeals the District Court's decision.[1]
 
 
 6
 '[T]he courts are generally required to refrain from reviewing the merits of an arbitrator's award due to the policy favoring arbitration as a means of resolving labor disputes.' Storer Broadcasting Co. v. American Fed'n of Television and Radio Artists, 600 F.2d 45, 47 (6th Cir. 1979). Where an arbitrator has considered more than the stipulated issue presented by the parties, however, the arbitrator has exceeded the authority granted by the parties. See Buckeye Cellulose Corp. v. District 65, Div. 19, UAW, 689 F.2d 629 (6th Cir. 1982); Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Independent Truck Drivers Union, Local No. 1, 611 F.2d 580, 583 (5th Cir. 1980) (holding that '[t]he arbitrator's authority is circumscribed by the arbitration agreement, and he can bind the parties only on issues that they have agreed to submit to him'). In Buckeye, an employee was discharged for vandalizing company property in response to action taken against him by fellow employees. The parties proceeded to arbitration and stipulated to a two-part issue to be submitted to the arbitrator: was there a violation of the collective bargaining agreement and, if so, what should be the remedy? The arbitrator held that the company had not violated the collective bargaining agreement when it disciplined the employee. The arbitrator further held, however, that the penalty of discharge was excessive under the circumstances and awarded reinstatement without backpay. This Court held that 'the arbitrator exceeded the scope of his authority under the terms and conditions of the collective bargaining agreement and the stipulated submission when he found no violation by the Company yet proceeded to provide a remedy.' 689 F.2d at 631.
 
 
 7
 We find the case before us to be indistinguishable from Buckeye. The only issue submitted to the arbitrator for decision was whether Pennwalt had violated the collective bargaining agreement by failing to reinstate the grievant on January 10. The reference to seniority in the stipulated issue appears to relate only to the impact that Pennwalt's action had on Ms. Stevenson. The arbitrator decided the stipulated question in Pennwalt's favor, finding support for the company's conclusion that the grievant should not be placed on active work status. He expanded on the stipulated issue, however, and considered whether Pennwalt should have granted the grievant a seniority date of January 10 despite the fact that it was not obligated to reinstate her. This issue was not before the arbitrator. We agree with the District Court that the arbitrator exceeded his authority when he decided that the grievant had been discriminated against on the basis of sex. The judgment of the District Court vacating that portion of the arbitration award is AFFIRMED.
 
 
 
 [1]
 The Union did not challenge the holding that Pennwalt had not violated the agreement by refusing to place the grievant on active work status. That issue is therefore not before this Court