**LOCAL UNION NO. 4–449, OIL, CHEMICAL AND ATOMIC WORKERS UNION, AFL–CIO, Plaintiff-Appellant,**

**v.**

**AMOCO CHEMICAL CORPORATION, a Texas Corporation, Defendant-Appellee.**

**No. 78–2462**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Feb. 1, 1979.

James R. Watson, Jr., Houston, Tex., for plaintiff-appellant.

Baker & Botts, John B. Abercrombie, Coyt Randall Johnston, Houston, Tex., for defendant-appellee.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

The judgment entered in favor of the defendants is affirmed on the basis of the Memorandum and Order entered by Judge Ross N. Sterling on May 31, 1978 and appended hereto.

APPENDIX

LOCAL UNION NO. 4–449,
OIL, CHEMICAL AND ATOMIC
WORKERS UNION, AFL–CIO

v.

AMOCO CHEMICAL CORPORATION,
A TEXAS CORPORATION

Civ. A. No. G–77–41.

United States District Court,
S. D. Texas,
Galveston Division.

May 31, 1978.

Bray & Watson, James R. Watson, Jr., Houston, Tex., for plaintiff.

Baker & Botts, John B. Abercrombie, Houston, Tex., for defendant.

MEMORANDUM AND ORDER

STERLING, District Judge.

This is a suit to compel arbitration in which both the Plaintiff, Local Union No. 4–449, Oil, Chemical and Atomic Workers International Union, AFL–CIO, and the Defendant, Amoco Chemical Corporation, have filed motions for summary judgment. The controversy arises from two grievances filed by members of the Plaintiff union contesting the denial of sick pay benefits for certain work absences. A third grievance, filed by a union member complaining of the Defendant's refusal to arbitrate the sick pay benefit provisions, is also involved.

The sole issue before this court is whether the Defendant breached the collective bargaining agreement (Agreement) in refusing to arbitrate the grievances filed concerning the Defendant's failure to pay sick pay benefits. The question is a matter of law which requires the interpretation of several articles of the Agreement.

Article XVI, §§ 2 and 3, are the grievance and arbitration provisions of the Agreement. They present not unusual steps for consideration of the grievance leading to arbitration for the selection of arbitrators and the arbitration procedure.

Article VIII of the Agreement provides for the payment of sickness and disability benefits as follows:

"Benefits with respect to sickness and disability shall be payable *in accordance with the Company's Sickness and Disability Benefits Plan as presently in effect* except that an employee will be paid holiday pay in place of sick leave pay for a holiday falling on a normally scheduled day of work, but which normally would not have been worked by the employee." (Emphasis added.)

Section IX of the Disability Benefits Plan (Plan) which is referred to in the Agreement states:

"The decision of the Board of Directors of the Company on any matter concerning the administration of this plan as a whole or as applied to any specific case *shall be final* and the *Board reserves the right to interpret, apply, amend or revoke this Plan at any time.*" (Emphasis added.)

■ Plaintiff contends that there is some ambiguity as to the availability of arbitration of grievances concerning sick pay benefits and that such doubt must be resolved in favor of arbitration. This assertion is correct in so far as it maintains that arbitration must be given the benefit of the doubt. *United Steelworkers v. Warrior and Gulf Navig. Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). However, there appears to be no ambiguity as to the intent of the Agreement to exclude grievances dealing with sickness and disability benefits

from arbitration. Section IX of the Plan unequivocally states that the Board of Directors of the Company (Board) is to be the final decision maker in matters concerning administration of the Plan. The Agreement, through Article VIII, clearly incorporates the Plan as part of its provisions.

Each grievance at issue here was processed and denied through the procedure set up in § 2 of Article XVI of the Agreement. Plaintiff would have the Defendant appeal these decisions through the arbitration procedure set up in § 3 of Article XVI. It is clear, however, that the parties have agreed and contracted to make the next and final appellate step from § 2 to be the Board, pursuant to Article VIII of the Agreement and Section IX of the Plan.

Plaintiff contends that the subject matter of a grievance must be expressly and specifically excluded from arbitration in the contract, in order to preclude arbitration of that grievance. Plaintiff thus concludes that these grievances must be arbitrated since there is no express exclusion of sick pay benefits from arbitration in the Agreement. Again the Plaintiff has correctly stated the law that a grievance will be subject to arbitration unless its subject matter is specifically excluded from arbitration under the collective bargaining agreement. *United Steelworkers of America v. Warrior and Gulf Navig.*, 363 U.S. 574, 582–83, 80 S.Ct. 1347. However, the Agreement does specifically exclude sick pay benefits from arbitration. Section IX of the Plan which is incorporated into the Agreement by Article VIII of the Agreement directly states that the Board reserves the right to interpret and apply the Plan, and that the decision of the Board will be final. It is clear that the plain and intended meaning of Article VIII of the Agreement and Section IX of the Plan is that questions concerning sickness and disability benefits should be presented to the Board, whose decision would be final. The language in Section IX of the Plan, which makes the Board's decision final in sickness and disability matters, obviously excludes arbitration for grievances concerning such subject matter. To hold otherwise would be to render Article VIII of the Agreement and Section IX of the Plan totally meaningless.

It is apparent from the face of the Agreement and the Plan that problems concerning sickness and disability benefits were intended to be allocated to the Board for final determination. This process, which is expressly constructed by the Agreement and the Plan, sufficiently excludes arbitration for grievances concerning sickness and disability benefits. Therefore it is

ORDERED that Defendant's motion for summary judgment is hereby GRANTED, and Plaintiff's motion for summary judgment is hereby DENIED.