STOKELY–VAN CAMP, INC., Plaintiff,

v.

UNITED STEELWORKERS OF AMERI-CA, AFL–CIO, LOCAL UNION NO. 7198, Defendant.

Civ. No. 2–79–25.

United States District Court, E. D. Tennessee, N. D.

Sept. 10, 1979.

John B. Rayson, E. H. Rayson, James A. Ridley, III, Knoxville, Tenn., for plaintiff.

W. P. (Boone) Dougherty, Knoxville, Tenn., Robert H. Stropp, Jr., Birmingham, Ala., for defendant.

## MEMORANDUM

**ROBERT L. TAYLOR, District Judge.**

Stokely-Van Camp, Inc., employer, seeks damages against United Steelworkers of America, Local Union No. 7198, for breach of a no strike provision of a collective bargaining agreement between the parties. 29 U.S.C. § 185(a). Defendant has moved for a judgment on the pleadings or in the alternative, for summary judgment based on the respective rules 12(c) and 26(b) of the Federal Rules of Civil Procedure on the ground that plaintiff has failed to exhaust grievance and arbitration remedies available to it under the Collective Bargaining Agreement. Article 11, § 712 of the contract provides in substance that there shall be no strikes or work stoppages for the duration of the Agreement. The contract also provides that should differences arise between the parties pertaining to the application or interpretation of the terms and conditions of the Agreement, it shall be settled in accordance with the grievance and arbitration agreement. Article VI, § 6.1. Plaintiff has not attempted to utilize that procedure with respect to its claims that the defendant breached Article VII, § 7.1.

Whether a labor dispute is arbitrable is determined on the basis of the contract between the parties. *United Steelworkers of America, Local No. 1617 v. General Fireproof Co.* (6th Cir. 1972) 464 F.2d 726, 729[2]. There is a strong presumption of the arbitrability of labor disputes. *United Steelworkers v. Warrior G. & Nav. Co.* (1960), 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409. The question for decision in this case is whether the alleged violation of the no strike clause is an arbitrable issue. The law starting with *United Steelworkers* Trilogy cases, 363 U.S. 564, 574, 593, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960) strongly favors arbitration. The question in this case is debatable and a close one hinging entirely upon the contract language involved. This Court in the past and present favors arbitration in labor disputes if any legal basis exists for such arbitration. It is recognized that arbitrators cannot change or alter the terms of a contract between the parties. In this case there may be a dispute under the no strike provision of the contract whether (1) the no strike provision has been violated, or (2) whether the company would be entitled to monetary damages for violation of the no strike provisions. While the Court recognizes that plausible arguments can be made on both sides of the question, it is constrained to hold that the matter is one for arbitration. The Contract is not clear on the question of whether the Company is required to arbitrate its grievance. In view of this ambiguity, the strong presumption in favor of arbitration comes into play. The Court, therefore construes this contract to require the Company to raise its dispute with the Union before the arbitrator as provided in the contract.

Accordingly, it is ORDERED that the defendant's motion for summary judgment be and the same hereby is granted. It is further ORDERED that this case be, and the same hereby is, dismissed.

Order Accordingly.