**INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 406**

v.

**ALTEX READY MIX CONCRETE CORPORATION.**

Civ. A. No. 81–684–B.

United States District Court,
M. D. Louisiana.

Jan. 7, 1982.

Jerry L. Gardner, Jr., New Orleans, La., for plaintiff.

G. Michael Pharis, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for defendant.

POLOZOLA, District Judge.

This matter is before the Court on the motion of International Union of Operating Engineers, Local 406 (Local 406) for a summary judgment.

This suit was filed by Local 406 under 29 U.S.C. 185 to compel arbitration as provided in the collective bargaining agreement between the plaintiff and Altex Ready Mix Concrete Corporation (Altex). 29 U.S.C. § 185 gives federal district courts jurisdiction over suits brought for violations of contracts between employers and labor unions. The dispute involved in this case is whether the matter in controversy is one which should be resolved through arbitration. The union's complaint is that the job position "mix batch man" was improperly removed from coverage under the collective bargaining agreement by Altex. Local 406 seeks a summary judgment that this dispute must be submitted to arbitration. In opposition to this motion Altex claims that the dispute is not arbitrable and that even assuming that the dispute is arbitrable, the plaintiff has waived its right to arbitration. No oral argument is required on this motion.

Altex maintains that the dispute is not arbitrable because it is not a "grievance" as defined by the agreement. Grievance is defined in the contract as follows: "The term 'grievance' as used in this Agreement means a claim by the Union or any employee of a violation by the Employer of the provisions of this Agreement or *any other claim or dispute raised by the Union or an employee against the Employer.*" (empha-sis added). Altex maintains that the "batch man" is not an employee within the meaning of the agreement so that this is not a dispute arising from a violation of this agreement. Altex further argues that the "batch man" is a supervisory position specifically excluded by Article 1 § 1 of the collective bargaining agreement. While this may be the issue of the case, it is not determinative of whether the dispute is arbitrable. According to the language of the bargaining agreement, a grievance is not limited to a claim by an *employee* arising under the agreement, but is also "any other claim or dispute raised by the Union or an employee against the Employer." Whether the "batch man" was improperly removed from coverage under the agreement is a dispute between the Union, Local 406, and the employer, Altex, that must be submitted to an arbitrator. The arbitrator may then determine whether the "batch man" is or is not a supervisory position excluded by Article 1 § 1 of the collective bargaining agreement.

Whether or not a party is bound to arbitrate and what issues it must arbitrate is a matter to be determined by the courts on the basis of the contract entered into by the employer and the union. The employer has no duty to arbitrate issues which it has not agreed to arbitrate and cannot be compelled to arbitrate if the arbitration clause does not bind him to do so. *John Wiley and Sons, Inc. v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964), *Atkinson v. Sinclair Refining Company*, 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962), *Friedrich v. Local No. 780 IUE–AFL–CIO–CIC*, 515 F.2d 225 (5 Cir. 1975), *Piggly Wiggly Operator's House, Inc. v. Piggly Wiggly Operator's Warehouse Independent Truck Driver's Union Local No. 1*, 611 F.2d 580 (5 Cir. 1980). National labor policy favors arbitration of labor disputes. *United Steelworkers of America v. Warrior and Gulf Navigation Company*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 409 (1960), *John Wiley and Sons, Inc. v. Livingston*, supra. There is a presumption of arbitrability of disputes. *Rochdale Village Inc. v. Public Service Em-*

*ployees ete.*, 605 F.2d 1290 (2 Cir. 1979), *Stokely-Van Camp, Inc. v. United Steel Workers of America ete.*, 480 F.Supp. 48 (E.D.Tenn.1979). As pointed out in *Warrior*, doubts as to the arbitrability of a dispute should be resolved in favor of arbitration:

> "Yet, to be consistent with congressional policy in favor of settlement of disputes by the parties through the machinery of arbitration, the judicial inquiry under § 301 must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance or did agree to give the arbitrator power to make the award he made. An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."

363 U.S. 574, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 409.

Altex argues that while national labor policy favors arbitration, this arbitration clause is narrow and excludes this complaint from the arbitration process. However, in determining whether a dispute is covered by an arbitration clause, it is presumed that the dispute is arbitrable regardless of whether one party characterizes the clause as narrow. *International Brotherhood of Electrical Workers Local 2188 v. Western Electric Company Incorporated*, 661 F.2d 514 (5 Cir. 1981).

■ After reviewing the contract in this case, the Court finds that the arbitration clause in the contract is broad enough to cover the issue before the Court. Because the arbitration provisions are designed to cover any disputes between the employer and the union, this case is subject to arbitration.

■■ Altex also argues that even if this is an arbitrable dispute, the plaintiff has waived its right to arbitration. After instituting the appropriate grievance procedure as provided for in the agreement, Local 406 also filed an unfair labor practices complaint with the NLRB. Altex argues that this action amounts to a waiver of the union's right to arbitration. The pertinent clause in the agreement states:

> "The procedures established by this article shall be the exclusive remedy for any grievance. Any grievance not presented and processed in the manner and within the time limits established herein shall be waived, and, therefore, such grievance shall not be made the basis for any action, either under this agreement or otherwise."

Following this clause is a step-by-step method for bringing grievances to arbitration. The record before the Court indicates that the plaintiff followed this procedure. However, the union also filed a complaint with the NLRB. Defendant maintains that since the grievance procedure is the exclusive method for processing a complaint, the plaintiff's action in filing a complaint with the NLRB constitutes a waiver of its arbitration rights. Whether a failure to follow procedural requirements for processing grievances is a waiver of arbitration rights is an issue which must be determined by the arbitrator once a court has determined that the dispute is arbitrable. *Palestine Telephone Company v. Local Union 1506 of the International Brotherhood of Electrical Workers*, 379 F.2d 234 (5th Cir. 1967). *Alabama Power Company v. Union No. 390 International Brotherhood of Electrical Workers*, 612 F.2d 960 (5 Cor. 1980), *Deaton Truck Line, Inc. v. Local Union 612 ete.*, 314 F.2d 418 (5 Cir. 1962), *Dlugach v. Jefferson Chemical Company*, 501 Fed.Supp. 171 (E.D. Tex.1980). Most of the cases cited above deal with questions of whether complaints were timely filed with the proper parties. The case before the Court is slightly different. In this case every thing was done timely. However, the union also filed the NLRB complaint. However, the question of whether the NLRB complaint resulted in the grievance not being "presented and processed in the *manner* ... established herein ..." is a procedural one. As set out in *John Wiley*, supra:

"Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator."

376 U.S. 543, 84 S.Ct. 909, 915, 11 L.Ed.2d 898.

The Court has determined that this grievance is arbitrable. Whether the plaintiffs have waived their arbitration rights by going beyond the procedures set out in the collective bargaining agreement is a determination more appropriately left to the arbitrator.

Therefore, because the Court finds that there are no material issues of fact in dispute and that plaintiff is entitled to a summary judgment as a matter of law, the plaintiff's motion for summary judgment compelling arbitration of this matter must be granted.

Therefore:

IT IS ORDERED that the motion of International Union of Operating Engineers Local 406 for summary judgment be and it is hereby GRANTED.