**GRAND RAPIDS DIE CASTING CORPORATION, Plaintiff-Appellant,**

v.

**LOCAL UNION NO. 159, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW, Defendant-Appellee.**

**No. 81-1171.**

United States Court of Appeals, Sixth Circuit.

Argued May 26, 1982.

Decided Aug. 6, 1982.

Charles C. Hawk, Miller, Johnson, Snell & Cummiskey, Michael Snapper, Grand Rapids, Mich., for plaintiff-appellant.

A. Robert Kleiner, Kleiner & De Young, Grand Rapids, Mich., Judith A. Scott, Ralph Jones, Detroit, Mich., for defendant-appellee.

Before KENNEDY, Circuit Judge, BROWN,* Senior Circuit Judge, and SWYGERT,** Senior Circuit Judge.

* Circuit Judge Brown retired from active service on June 16, 1982, and became a Senior Circuit Judge.

CORNELIA G. KENNEDY, Circuit Judge.

Grand Rapids Die Casting Corporation (the company) appeals from a judgment of the District Court enforcing an arbitration award under section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, 507 F.Supp. 1355. The award set aside the discharge of employee Doug Cook for excessive absenteeism.

The company and appellee Local 159, United Automobile, Aerospace and Agricultural Implement Workers of America (the union), are parties to a collective bargaining agreement which became effective on June 14, 1975. The contract and work rules adopted pursuant to it govern both employee absenteeism and the company's right to discipline employees. Article III, section 1 of the contract gives the company the right to discharge or discipline for cause, to maintain discipline and efficiency of employees and to establish rules for those purposes. In April 1978 appellant promulgated new absenteeism and tardiness rules to combat what the arbitrator found to be a chronic absenteeism problem. Under the new rules two absences within 30 days were defined as "excessive absences" and would subject a person to disciplinary action. The penalty for the first offense was a verbal warning; the second a written warning; the third a written warning and disciplinary layoff; and the fourth a discharge. When the new collective bargaining agreement went into effect on June 14, 1978, the absenteeism rule remained intact.

Approximately two months after the new rules were promulgated, and six days after the new collective bargaining agreement took effect, appellant fired employee Cook for excessive absenteeism. Pursuant to the collective bargaining agreement, Cook took his discharge to arbitration. Following a hearing in February 1979 the arbitrator issued a written decision. He made five find-

** The Honorable Luther M. Swygert, Senior Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

ings of fact; (1) Cook was competent; (2) he had a lot of trouble complying with the recently toughened rules on absenteeism; (3) absenteeism was a chronic problem in general; (4) Cook had significant personal problems (his girlfriend was pregnant and delivered a baby about this time) which at Cook's age (21) might seem insurmountable; and (5) section 4 of the contract places a grievant in the position of being suspended before he can file a grievance. The arbitrator made no finding as to whether Cook had or had not violated the company's rule on absenteeism. He made no finding as to whether violation of the rule on absenteeism was just cause for discharge.

The arbitrator then quoted article V, section 4 of the contract, which provided that when an employee is given a disciplinary layoff or discharge, including discipline for absenteeism, he is first suspended. A meeting of the union grievance committee and management is required the next work day to discuss the discipline. If the issue is not resolved at that meeting the company may proceed with the contemplated discipline and the employer and the union must seek any further relief through the grievance procedure. After quoting section 4 the arbitrator stated the following:

I find such a document without any alternatives is offensive. It is as if the meeting is to be held to perform the final execution. This is a significant distortion of due process and subjects the grievant to a merry-go-around of discipline without any significant way to leave the circle. His union can only stand by. I further find that the original suspension (not designated in any way, manner or form as an investigative suspension) shocks the conscience of this arbitrator, and the resulting discharge must be set aside. The parties should revise the language. The grievant has been suspended and that is sufficient. He cannot be tried twice.

Almost immediately after this statement comes the arbitrator's award:

I set aside the discharge, the company not having sustained its burden and sus-

pend the grievant for two months from June 20th through August 20, 1978. I retain jurisdiction of this dispute for four months.

I appoint Joseph R. Daniel and Don King to serve as my aides in making sure that this difficulty of absenteeism does not recur as pertains to this grievant, or at least is drastically minimized. I want to assure myself that Cook resolves this difficulty. A further hearing may be held in the event that the problem continues.

The company brought this action to have the arbitrator's award set aside. The union counterclaimed for enforcement of the award. The District Court noted that if the arbitrator was deciding that the discharge of Cook had to be set aside because the procedure of section 4 was offensive, the arbitration award did not draw its essence from the collective bargaining agreement and should not be enforced. However, the court chose instead to construe the arbitrator's decision as stating that under the collective bargaining agreement appellant did not have just cause to discharge an employee for absenteeism if the reason for the absenteeism was personal difficulties on the part of the employee made known to the company at the time of discharge. The District Court found that the arbitrator had the authority to make such a decision under this Court's opinion in *Timken Company v. United Steelworkers of America*, 492 F.2d 1178 (6th Cir. 1974). The District Court granted the union's motion for summary judgment and ordered enforcement of the award.

The District Court's analysis represents an heroic effort to ground the arbitrator's award in the collective bargaining agreement. However, a fair reading of the arbitrator's decision does not support the court's conclusion that he held that an employer fails to establish just cause to fire an employee for excessive absenteeism where that absenteeism is due to personal problems which the employer learns of at the time of discharge. The arbitrator certainly did not say this was his holding, while he did say

the discharge resulting from the "offensive" procedure of section 4 must be set aside. The arbitrator made no attempt to explain his conclusion in terms of his finding that Cook had personal difficulties. There is no reason to accord this finding any greater significance in explaining the arbitrator's decision than is accorded his findings that Cook was competent and had trouble complying with the absenteeism rule, and that absenteeism was a chronic problem in general. None of these findings have any apparent relevance to the opinion. Thus, the only reasonable conclusion to draw from the arbitrator's opinion is that the basis for the decision was his disapproval of the procedures set out in section 4 of the collective bargaining agreement.

Although courts give a great deal of deference to arbitration awards, this deference is not unlimited.

[A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. *When the arbitrator's words manifest an infidelity to his obligation, courts have no choice but to refuse enforcement of the award.*

*United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960) (emphasis added).

■ In setting aside Cook's discharge for the reasons given the award did not draw its essence from the collective bargaining agreement. Rather, the arbitrator substituted terms and discipline he felt were reasonable for the terms of the agreement. As the Supreme Court made clear in *United Steelworkers,* it is not the function of the arbitrator to decide whether or not he likes the terms of a written collective bargaining agreement. *Local 342, United Automobile, Aerospace & Agricultural Implement Workers of America (UAW) AFL-CIO v. T.R.W., Inc.,* 402 F.2d 727 (6th Cir. 1968), *cert. denied,* 395 U.S. 910, 89 S.Ct. 1742, 23 L.Ed.2d 223 (1969). He is charged with construing and enforcing the terms agreed to by the employer and the union. Because the arbitrator exceeded his authority the award may not be enforced.[1]

■ We come then to the question of appropriate relief. The company tells us that we have only two choices, either to enforce or to vacate the award. Although that seems to be the law with respect to arbitration awards generally, it is not the law when suit is brought under section 301 of Taft-Hartley. The federal common law of labor has developed to give the courts power to remand to the arbitrator when appropriate. *Locals 2222, 2320-2327, International Brotherhood of Electrical Workers v. New England Telephone and Telegraph Co.,* 628 F.2d 644, 647 (1st Cir. 1980); *United Steelworkers of America v. Timken Roller Bearing Co.,* 324 F.2d 738, 741 (6th Cir. 1963).[2] A case such as this, where the arbitrator did not decide the question presented to him, is an appropriate one for remand to avoid the draconian choice of penalizing either the company or the employee for what is, after all, the arbitrator's failure.

We suggest to the District Court that remand should be to a different arbitrator.

---

1. In view of our disposition of the case we need not decide whether the arbitrator would have exceeded his authority had he construed the collective bargaining agreement to give him the power to determine whether, even if Cook was guilty of excessive absenteeism, excessive absenteeism because of personal difficulties was not just cause for discharge. *Cf. Timken Company v. United Steelworkers of America,* 492 F.2d 1178 (6th Cir. 1974). *But see Amanda Bent Bolt Co. v. International Union, UAW,* 451 F.2d 1277 (6th Cir. 1971); *International Broth-*

erhood of Firemen v. Nestle Co., Inc.,* 630 F.2d 474 (6th Cir. 1980). We do note, however, that the agreement in this case, unlike the collective bargaining agreement described in *Timken,* specifically reserved to the employer the right to formulate work rules and the discipline for violation of those rules.

2. We particularly commend footnote 5 of the opinion in *New England Telephone* to appellant's attention.

The previous arbitrator's outburst against the language of the contract compromises the appearance of impartiality to which the parties are entitled. If the parties are unable to agree to a different arbitrator, the District Court is entitled to appoint a neutral arbitrator. *Hart v. Overseas National Airways, Inc.*, 541 F.2d 386 (3d Cir. 1976); *Erving v. Virginia Squires Basketball Club*, 468 F.2d 1064 (2d Cir. 1972).

Accordingly, the judgment of the District Court is reversed and the case remanded, with directions to remand to an arbitrator for further proceedings.