GRAPHIC ARTS INTERNATIONAL UNION, LOCAL 199B, Plaintiff,

v.

DAYTON PRESS, INC., Defendant.

No. C–3–80–285.

United States District Court, S.D. Ohio, W.D.

April 27, 1983.

Peter J. Rakay, Dayton, Ohio, for plaintiff.

Irving M. Geslewitz, Chicago, Ill., John J. Heron, Dayton, Ohio, for defendant.

DECISION AND ENTRY ON PENDING MOTIONS; PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SUSTAINED; DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OVERRULED; JUDGMENT TO BE ENTERED FOR PLAINTIFF; CASE REMANDED TO ARBITRATOR; TERMINATION ENTRY

RICE, District Judge.

Plaintiff Local 199B of the Graphic Arts International Union ("Union") and Defendant Dayton Press, Inc., entered into a collective bargaining agreement ("agreement"), in force from April 20, 1978, through April 20, 1983. The Union filed suit in this Court, under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the federal Arbitration Act, 9 U.S.C. § 10, seeking to vacate an arbitration award rendered under that agreement. Such relief is appropriate, the Union alleged, since the arbitrator (1) exceeded his powers by ruling that a grievance was not arbitrable, and (2) was partial towards the Defendant in the arbitration hearing. Complaint, ¶¶ 7–8. At the direction of the Court, Doc. # 8, the parties submitted cross-motions for summary judgment on the first issue. For the reasons set forth below, Plaintiff's motion (Doc. # 9) is sustained, and Defendant's motion (Doc. # 10) is overruled. The case is remanded for proceedings consistent with this decision.

An examination of the record reveals the following facts. One Ovalene Buckles, a member of the Union and an employee of the Defendant, filed a grievance pursuant to the agreement, claiming that she was totally and permanently disabled, and entitled to receive life insurance payments in installments (rather than at death) under Article 35 of the agreement.

Article 35 provides, in part, that:

Total & Permanent Disability Benefits: Section (B)(1): Three months after receipt, by the insurance company, of due proof that the employee, while insured for life insurance under the Group Policy and prior to his 60th birthday, has become totally and permanently disabled as a result of bodily injury or disease so as to be prevented thereby from engaging in their occupation at Dayton Press, Inc. or performing any work for compensation or profit, the insurance company will commence to pay, in lieu of the payment of the life insurance at his death, equal installments, as hereinafter described, to the employee or to a person designated by him for the purpose, or of such disability as due to or is accompanied by mental incapacity, as provided in the Group Policy. Balance as current language provides.

The carrier for the group insurance plan referenced in Art. 35 is the Metropolitan Life Insurance Co. Ms. Buckles initially filed a claim with Metropolitan, and only grieved when the carrier denied her claim.

After unsuccessful attempts at resolving the grievance, the parties submitted the matter to "final and binding" arbitration, under Art. 23, § 4 of the agreement. The arbitrator held a hearing on February 22, 1980, and rendered a decision on June 3, 1980. Said decision is published at [1980–2 Binder] Lab. Arb. Awards (CCH) ¶ 8373 (1980). In the decision, the arbitrator stated the issue as follows: "What is the proper resolution of Grievance No. 79–13 under the terms of the Agreement between the parties?" (Appendix at 3, filed with Doc. # 10) (hereinafter "App."). After an exhaustive summary of the relevant provisions of the agreement, as well as the evidence presented at the hearing, the arbitrator concluded that the grievance was not

arbitrable under the agreement. App. 29. Relying on reasoning in other arbitration awards, App. 25–27, the arbitrator found that, under Art. 35 of the agreement, Defendant had, in effect, delegated the responsibility to issue insurance benefits to Metropolitan. App. 28. He continued:

... it is apparent that the Group Insurance Policy provides all the total and permanent disability insurance benefits negotiated by the parties and set forth in Article 35 of their Agreement. Because the Company provides through the Group Insurance policy all the benefits it agreed to provide in the Union-Company Agreement, the Grievant's claim is not arbitrable under this agreement.

Even though Ms. Buckles had been issued a Social Security Award Certificate stating that she was entitled to disability benefits under the Social Security Act, the Insurance Company denied her disability insurance benefits on the basis of its judgment that she was not totally and permanently disabled. It is the judgment that the Union is contesting in Grievance Number 79–13. It is a question of the Insurance Company's performance with respect to the Group Insurance Policy.

The Group Insurance Policy provides the total and permanent disability benefits set forth in Article 35 of the Agreement. The Union was fully aware that it did and agreed to continue the insurance policy in effect as the vehicle for providing those benefits. Therefore, the Insurance Company's performance under the Group Insurance Policy is not arbitrable under the collective bargaining agreement. If the Union believes the insuror's decision regarding Ms. Buckles's physical condition breaches the insurance contract, it may seek redress through the courts. The question does not arise under the Agreement between the parties.

App. 28–29. For these reasons, the arbitrator found the matter not arbitrable and denied the grievance.

Plaintiff advances two major grounds in support of its motion. First, Defendant waived the non-arbitrability issue before the arbitrator; second, even if not waived, said award and decision violates the rule that, absent "clear demonstration" by the parties to the contrary, a *court*, not the arbitrator, will decide the arbitrability of issues. In support of its motion, Defendant argues that no issue was waived, and that the arbitrator was merely exercising his power to interpret the agreement, when he reached the conclusion he did.

■ There is no question that a party can waive an issue before an arbitrator, and that it would be error for the arbitrator to rule on such an issue. *Kodiak Oil Field Haulers, Inc. v. Teamsters Local No. 959,* 611 F.2d 1286, 1290 (9th Cir.1980); *Cook Industries v. C. Itoh & Co.,* 449 F.2d 106, 107–08 (2d Cir.1971) (Hays, J.) *cert. denied,* 405 U.S. 921, 92 S.Ct. 957, 30 L.Ed.2d 792 (1972). The facts in the record herein on this issue are elusive at best. At the hearing, Plaintiff's representatives stated that the issue was one of "considering" and "deciding" the grievance and that the "function of an Arbitrator is really to just hear all the evidence, and decide the grievance one way or the other." App. 34–35. Since Plaintiff insisted on a broad statement of the "issue," Defendant contends that Plaintiff cannot now complain that the arbitrator decided an issue arguably implicit in the broad statement. *Cf. Kroger Co. v. Teamsters Local 661,* 380 F.2d 728, 731 (6th Cir.1967) (sweeping statement of issue at hearing included question of relief ultimately awarded by the arbitrator).

On the other hand, Plaintiff points out that Defendant, in its post-hearing brief, stated that unlike other arbitration decisions,

the instant collective bargaining agreement specifically restates the insurance plan's language relative to the administration of the total and permanent disability plan by the insurance carrier; accordingly, the Company does not advance the claim that the grievance is not arbitrable. Nevertheless, based on the reasoning of those cases, it is the Compa-

ny's position that the Arbitrator should limit himself to a very narrow scope of review in resolving this grievance, inasmuch as the Arbitrator is reviewing the actions of a party outside the bargaining relationship.

(Verified copy of brief, p. 13, attached to Doc. # 9). The Arbitrator, in his decision, restated this position in his summary of the parties' contentions. App. 21. To rebut the obvious inference of waiver, Defendant argues that by not *advancing* this claim, it was not necessarily *conceding* same. This theory borders on being a distinction without a difference. The parties herein have probably "shed more heat than light" upon this issue, *Kroger Co. v. Teamsters Local 661, supra,* 380 F.2d at 731, although Plaintiff appears to have the better of the argument.

In any event, even assuming, arguendo, that Defendant did not waive the arbitrability issue, the Court agrees with the Plaintiff that the arbitrator exceeded his powers in deciding said issue. As Plaintiff points out, the Supreme Court, in one of the "Steelworker's Trilogy" cases, held that in the typical case, a reviewing *court* will determine if an issue was arbitrable under a collective bargaining agreement. *Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960). Parties to an arbitration may, if they wish, permit the *arbitrator* to decide the issue of arbitrability, that is, the scope of his own powers. But the party seeking to vest the arbitrator with such powers "must bear the burden of a clear demonstration of that purpose." *Id.* at 583 n. 7, 80 S.Ct. at 1353 n. 7. While the Sixth Circuit does not appear to have spoken on this issue, other Circuits, following the Supreme Court, have held that the parties must explicitly agree to submit the issue of arbitrability to the arbitrator. *See, California Trucking Assoc. v. Teamsters Local 70,* 679 F.2d 1275, 1281 n. 5 (9th Cir.1981), *cert. denied,* —— U.S. ——, 103 S.Ct. 299, 74 L.Ed.2d 281 (1982); *Metal Products Workers Union Local 1645 v. Torrington Co.,* 358 F.2d 103, 105 (2d Cir.1966) (Hays, J.).

The record herein demonstrates that Defendant did not meet this burden. Defendant may be right that the arbitrator, in deciding the issue of arbitrability, correctly interpreted the agreement or, at the least, drew his decision from the "essence" of the agreement by interpreting ambiguous contract terms. In other circumstances, such determinations would insulate the arbitrator's decision from court review. *See, Grand Rapids Die Casting Corp. v. UAW Local 159,* 684 F.2d 413, 416 (6th Cir.1982); *Sugar Creek Packing, Inc. v. Amalgamated Food and Allied Workers Union 430,* 526 F.Supp. 809, 811–12 (S.D.Ohio 1981). However, there is simply no indication, in the agreement or at the hearing before the arbitrator, that the parties herein explicitly agreed to submit to him the very question of whether he should decide the issue of arbitrability. Indeed, almost the entirety of the hearing before the arbitrator, and Defendant's post-hearing brief, are devoted to the merits of Metropolitan's decision to deny Ms. Buckles' installment life insurance benefits.

The cases relied upon by Defendant do not compel a different conclusion. For example, in *Federal Labor Union v. Midvale-Heppenstall Co.,* 421 F.2d 1289, 1291 (3rd Cir.1970) (per curiam), the Court pointed out that the collective bargaining agreement permitted the arbitrator the "jurisdiction" to determine if certain issues were beyond his authority to decide. In *Oil, Chemical and Atomic Workers Local No. 4-449 v. Amoco Chemical Corp.,* 589 F.2d 162 (5th Cir.1979) (per curiam), the Court examined a collective bargaining agreement, with an insurance coverage plan similar to the one herein. The Court found that the plan "unequivocally" excluded disputes over coverage by the board of directors of the insurance company. *Id.* at 163–64. No such "unequivocal" exclusion appears in the agreement herein, or in the certificate of Metropolitan. App. 298 *et seq.* More importantly, the context of the *Amoco Chemical Corp.* case differs from that herein. There, the company had refused to go to arbitration, *id.* at 164, and

the *court* was deciding if a certain issue was arbitrable. The court was *not* affirming the determination of an arbitrator that a dispute was not arbitrable.

Were *this* Court to resolve the issue, the Court might well follow the spirit of the *Amoco* case and agree with the arbitrator herein. But that is not the issue. The only question is whether the arbitrator exceeded *his* powers by deciding the arbitrability issue. The Court must conclude that he did. For these reasons, Plaintiff's motion for summary judgment is sustained, and Defendant's motion for summary judgment is overruled. Judgment is to be entered for the Plaintiff.

■ Plaintiff has asked for relief in the form of the vacation of the arbitrator's award, a rehearing of same, and attorneys fees. Said fees cannot be awarded in a § 301 action such as this. *Buckeye Cellulose Corp. v. UAW District 65*, 689 F.2d 629, 631 (6th Cir.1982) (per curiam) (relying on *Summit Valley Industries v. Carpenters & Joiners Local 112*, 456 U.S. 717, 102 S.Ct. 2112, 72 L.Ed.2d 511 (1982)). Accordingly, this case is remanded for a rehearing of the arbitration, and/or for other proceedings consistent with this decision. *Grand Rapids Die Casting, supra,* 684 F.2d at 416–17.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.