**HMC MANAGEMENT CORPORATION, d/b/a The Louisiana Superdome, Plaintiff-Appellee,**

v.

**CARPENTERS DISTRICT COUNCIL OF NEW ORLEANS AND VICINITY, and Carpenters Local No. 1846, Defendants-Appellants.**

**CARPENTERS DISTRICT COUNCIL OF NEW ORLEANS AND VICINITY, and Carpenters Local No. 1846, Plaintiffs-Appellants,**

v.

**HMC MANAGEMENT CORPORATION, d/b/a The Louisiana Superdome, Defendant-Appellee.**

No. 84–3184
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 21, 1985.

---

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

REAVLEY, Circuit Judge:

Carpenters District Council of New Orleans and Vicinity, Local No. 1846 (Union) appeal summary judgment in favor of HMC Management Corp. vacating an arbitration award. Concluding that the arbitration award does not draw its essence from the collective bargaining agreement, we affirm the judgment of the district court.

Roland Molinario and Robert Dale were employed as carpenters by HMC and represented by Union. Molinario and Dale were given written disciplinary warnings and placed on probation in June 1980 for wasting time and for performing substandard work. In July 1980, HMC discharged Molinario and Dale. Union filed timely grievances on behalf of Molinario and Dale. As a result of the grievances, HMC rehired Dale but not Molinario.[1] Pursuant to the collective bargaining agreement between HMC and Union, Molinario's case was submitted to arbitration. Ordering Molinario reinstated with backpay, the arbitrator stated:

[T]he Arbitrator cannot rightfully find that the discharge of [Molinario] and Mr. Dale and the subsequent rehiring of only Mr. Dale under the circumstances here presented was proper. The record indicates that [Molinario] and Mr. Dale were both working under the same disciplinary probation and written warning at the time of their discharge. Both employees were told that any incident which occurred during the probationary period would result in immediate dismissal. It is further shown by the record that both employees were performing the same tasks in the same location on July 1 and July 2, 1980, which resulted in the decision to dismiss them. Presented with the

Louis L. Robein, Jr., Metairie, La., for appellants.

Lawrence D. Levien, Paul M. Eskildsen, Washington, D.C., for appellee.

1. Union characterizes Dale's rehiring as a reinstatement. The arbitrator, however, found that Dale was discharged and rehired as a new employee.

record in this posture, *the Arbitrator is constrained to find that while there may have been adequate grounds to discharge both employees, [HMC] acted improperly when it decided to rehire Mr. Dale but not [Molinario].* Particularly does this appear to be so in light of the failure of [HMC] to afford [Molinario] the opportunity to attend meetings concerning the grievance while Mr. Dale was permitted such opportunity. Such disparate treatment, notwithstanding the contention of [HMC] to the contrary, is not excused, in the judgment of the Arbitrator, by [Molinario] and Mr. Dale having received exactly the same punishment for their conduct.

(Emphasis added.)

■ The sole issue presented to this court is whether the arbitrator's award "draws its essence from the collective bargaining agreement," *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960), or whether it is a dispensation of the arbitrator's "own brand of industrial justice," *id.* The arbitration award is unenforceable only if it is the latter. *Id.* In answering this question, we review independently the district court's ruling that the award was not grounded in the bargaining agreement.[2] *See, e.g., Teamsters, Local Union 657 v. Stanley Structures, Inc.,* 735 F.2d 903 (5th Cir. 1984).

In this case, the collective bargaining agreement, from which the arbitrator's award must have drawn its essence to be enforceable, contained the following provisions:

§ 11. *Equal Opportunity.* The UNIONS and HMC agree there shall be no discrimination by either party which violates any local, Louisiana or Federal laws, ordinances, or statutes on Equal Opportunity Law.

•　　•　　•　　•　　•

§ 13. *HMC Rights.* HMC and the Unions specifically agree that HMC shall have the right to ... select the employees it will hire ....

•　　•　　•　　•　　•

§ 36. *Right to Discipline.* HMC shall have the right to discipline, and to discharge, any employee for just cause.

•　　•　　•　　•　　•

§ 38. *Just & Reasonable Causes for Discharge.* Among the just and reasonable causes for discharge of any employee are the following:

•　　•　　•　　•　　•

(i) Inefficiency.

■ In contrast, the arbitrator stated in the award that "while there may have been adequate grounds to discharge both employees, [HMC] acted improperly when it decided to rehire Mr. Dale but not [Molinario]." In other words, the arbitrator failed to base his opinion on a lack of just cause, *Local No. 370, Bakery Workers International Union of America v. Cotton Bros. Baking Co.,* 672 F.2d 562 (5th Cir.1982), or denial of equal opportunity, *Waverly Mineral Products Co. v. United Steelworkers of America, Local 8290,* 633 F.2d 682 (5th Cir.1980). Had the arbitrator done so, we would be constrained to enforce the award. *See United Steelworkers of America v. Enterprise Wheel & Car Co.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). Instead, the arbitrator's opinion was based on his sense of what was improper behavior on the part of an employer. Such industrial justice is unenforceable. *Id.; see Grand Rapids Die Casting v. Lo-*

2. HMC argues that we are held to the clearly erroneous standard of Rule 52(a) in determining whether to set aside the district court's summary judgment in its favor. HMC cites *Bell Production Engineers Assoc. v. Bell Helicopter Textron,* 688 F.2d 997, 998 (5th Cir.1982), to support its position. *Bell,* however, concerned the standard of review to be applied to the district court's findings on whether a previous arbitration applies to a second dispute between employer and employees.

*cal Union No. 159, United Automobile Workers of America,* 684 F.2d 413 (6th Cir.1982) (arbitrator improperly substituted his own provisions on discharge procedures in the collective bargaining agreement in place of those agreed upon by the parties).

Union argues that the award should be enforced because disparate treatment of employees is disfavored in federal and arbitral law. Because the arbitrator's "task is limited to construing the meaning of the collective bargaining agreement so as to effectuate the collective intent of the parties," *Barrentine v. Arkansas-Best Freight Systems, Inc.,* 450 U.S. 728, 744, 101 S.Ct. 1437, 1446, 67 L.Ed.2d 641 (1981), we cannot agree with Union.

■ Having decided that the arbitrator's award cannot be enforced, the next question is the appropriate relief. The relief usually granted when an arbitration award is not enforced is to vacate. *See, e.g., Amalgamated Meat Cutters of North America, Local Union 540 v. Great Western Food Co.,* 712 F.2d 122 (5th Cir.1983). Where, as here, the arbitrator fails to perform his duties and instead dispenses his own brand of industrial justice, such a remedy is inappropriate because it would punish Molinario for the arbitrator's failure. Therefore, we agree with the district court that the more appropriate remedy is to remand for further arbitration. *See Grand Rapids Die Casting Corp. v. Local Union No. 159, United Automobile Workers of America,* 684 F.2d 413, 416–17 (6th Cir.1982). HMC urges that the case be remanded to a different arbitrator, as in *Grand Rapids Die Casting,* 684 F.2d at 416–17, where the arbitrator's prior decision compromised his appearance of impartiality. Because there does not appear to be such compromise in this case, and the original arbitration consisted of four days of hearings, the case may best be remanded to the original arbitrator.

The judgment of the district court is AFFIRMED.