**AMERICAN FEDERATION OF UNIONS, LOCAL 102**

v.

**PAYNE & KELLER, COMPANY, INC.**

**Civ. A. No. 92–354–B.**

United States District Court, M.D. Louisiana.

March 29, 1993.

Wendell G. Lindsay, Jr., Lindsay & Marcel, Baton Rouge, LA, for plaintiff.

Gerald Michael Pharis, Taylor, Porter, Brooks & Phillips, Baton Rouge, LA, for defendant.

## RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

This matter is before the Court on cross motions for summary judgment filed by the plaintiff, American Federation of Unions, Local 102 ("the Union") and the defendant, Payne & Keller, Company, Inc. ("Payne & Keller"). The Court has jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The union and the Payne & Keller agree that at all relevant times they were parties to a collective bargaining agreement ("the CBA"). The issue before the Court is whether the dispute in this case is an issue subject to arbitration under the CBA.

The CBA covers various classifications of employees, including foremen and general foremen. Local 102 claims that on February 3, 1992, Payne & Keller violated the CBA by arbitrarily removing general foremen from the bargaining unit covered by the agreement under the guise of "restructuring." Plaintiff contends that thereafter the defendant referred to general foremen as "field specialists." The Union claims that while the general foremen and foremen positions were abolished, the same individuals were thereafter termed field specialists with no substantial change in duties.

Payne & Keller claims that the classification of employees is a right reserved to management in the CBA and that the arbitration clause does not apply to matters which are the responsibility of management.

It is clear that the Court must determine whether or not a party is bound to arbitrate and what issues must be arbitrated on the basis of the contract.[1] An employer is under a duty to arbitrate only those issues which it has agreed to arbitrate under the arbitration clause of the CBA.[2] However, national labor policy favors arbitration and there is a presumption of arbitrability of labor disputes.[3]

In order to resolve the issues in this case, the Court must determine the meaning of two clauses in the CBA: Article III, Section 1, which reserves several rights to management, and the arbitration clause, which excludes management responsibilities from arbitration.

**1.** *AT & T Technologies v. CWA*, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648, 121 LRRM 3329 (1986); *Int. Bro. of Boilermakers v. Delta Southern Co.*, 602 F.Supp. 625, 628 (M.D.La.1985).

**2.** *John Wiley and Sons, Inc. v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962); *Delta Southern*, 602 F.Supp. at 628; *Int. U. of Operating Engineers v. Altex Ready Mix Concrete Corp.*, 529 F.Supp. 479 (M.D.La.1982).

**3.** *United Steelworkers of America v. Warrior and Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *Local U. No. 4–449, Oil, Chemical and Atomic Workers U. v. Amoco Chemical Corp.*, 589 F.2d 162 (5th Cir.1979); *Delta Southern*, 602 F.Supp. at 628.

Article III, Section 1, of the CBA reserves the following rights to management:

\*      \*      \*      \*      \*      \*

(2) the right to decide the number of employees required and the classifications thereof;[4]

(3) to hire and lay-off employees as it feels appropriate to meet work requirements and/or skills required;[5]

\* \* \* and (6) to determine the need for foremen and the number of foremen....[6]

The Arbitration Clause provides:

A) All grievances and disputes an employee or the union (sic) shall be processed in the following manner: \* \* \* Step 3 ... C) The arbitrator shall have no jurisdiction or authority to:

1. Add to, subtract from, modify or in any way change the provisions of this agreement and shall be limited to deciding whether there has been a violation of an express provision of this agreement.

2. Establish new wage rates, or change existing wage rages of wages for specific job classifications of employees.

3. Determine operations nor assume any other responsibility of management.

The Court finds that the Company was clearly authorized under the CBA to act within its management rights to create a new classification of "field supervisor." The evidence in the record shows that the new position has been granted increased supervisory responsibilities, such as evaluating lower level employees and signing termination slips.[7] Ken Wilkinson, Manager of Maintenance for Payne & Keller, admits that because of the increase in responsibilities in the new created job position, the company wanted the employees in these positions to be more accountable to management and less beholden to union colleagues. While the CBA does cover general foremen and foremen, it does not require that those positions be maintained. In fact, the contract specifically reserves to the company the right to determine the need for foremen, the right to hire and fire employees and the right to classify employees. The testimony of Ken Wilkinson shows that the general foreman position was not abolished entirely,[8] but were simply not filled.[9] The Court finds that it was within management's contractually reserved rights to abolish the general foreman's position entirely if it determined there was no need for general foremen at job sites, and to simply fire the employees who were in those positions. The Court finds that Payne & Keller was acting pursuant to its reserved rights under the CBA when it created the "field supervisor" position and made it a supervisory position. Thus, the Court finds that this issue was not subject to arbitration under the arbitration clause of the CBA.

THEREFORE,

IT IS ORDERED that the American Federation of Unions, Local 102's motion for summary judgment be, and it is hereby DENIED.

IT IS FURTHER ORDERED that the motion for summary judgment filed by Payne & Keller Company, Inc., be, and it is hereby GRANTED.

Judgment shall be entered dismissing plaintiff's suit with prejudice.

---

4. Article III, Section 1(2).

5. Article III, Section 1(3).

6. Article III, Section 1(6).

7. Defendant's Exhibit 1, Testimony of Kenneth Wilkinson.

8. Wilkinson's testimony indicates that the general foremen were required to accept the new job classification and responsibilities, or be demoted to craftsman, a lower classification with lower pay than foreman or general foreman. The question of whether this action was grievable and subject to arbitration is not before the Court.

9. Defendant's Exhibit 1, Testimony of Kenneth Wilkinson at 25–26.